UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| LANARD TOYS LIMITED, | ) |
| Plaintiff, | ) ) ) Case Number: 3:15-cv-849-J-34PDB |
| v. | ) ) |
| TOYS "R" US - DELAWARE, INC. DOLGENCORP, LLC, AND JA-RU, INC., | ) ) ) ) |
| Defendants. | ) ) |

CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1))** [Court recommends 30 days after CMR meeting] | October 22, 2015 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [all parties are directed to complete and file the attached] | Immediately |
| **Motions to Add Parties or to Amend Pleadings** | January 8, 2016 |
| **Disclosure of Expert Reports** Plaintiff/Counter-Defendant: Defendants/Counter-Plaintiffs: | April 30, 2016 May 21, 2016 |
| **Discovery Deadline** [Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | June 30, 2016 |

| | |
|---|---|
| **Dispositive and Daubert Motions**<br>[Court requires 4 months or more before trial term begins] | July 31, 2016 |
| **Trial Term Begins**<br><br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term **must not** be less than 4 months after dispositive motions deadline (unless filing of such motions is waived).  Trials before the District Judge will generally be set on a rolling term toward the beginning of each month, with a  Final Pretrial Conference to be set by the Court the preceding month. If the parties consent to trial before the Magistrate Judge,  they will be set for a date certain after consultation with the parties] | December 6, 2016 |
| **Estimated Length of Trial** [trial days] | 10 days |
| **Jury / Non-Jury** | Jury |
| **Mediation**<br>Deadline:<br><br>Mediator:                TBD<br>Address:         Plaintiff requests that the parties be permitted to mediate in Southern California, where all parties (with the possible exception of Ja-Ru, who travels to Asia) and their respective trial counsel reside, and will be filing a motion accordingly.  Plaintiff contends that Defendants' counsel agreed to request mediation in Southern California during the parties' Rule 26(f) conference, and have subsequently reneged, advising Plaintiff's counsel that Defendants object to mediation outside of Florida. Defendants disagree with Plaintiff's contention.  Defendants' counsel agreed to discuss the potential of a California mediation with their clients and do not agree to mediation in California.  Defendant Ja-Ru is headquartered here in the Middle District of Florida. Defendant Toys 'R' Us-Delaware, Inc. is headquartered in New Jersey. Defendant Dolgencorp, LLC is headquartered in Tennessee.<br><br>Telephone:<br><br>[Mediation is mandatory in most Track Two cases; Court recommends | July 31, 2016 |
| **All Parties Consent to Proceed Before Magistrate Judge**<br> If yes, the parties shall complete and <u>all</u> counsel and/or unrepresented  parties shall execute the attached Form AO-85. | Yes____     No <u>X</u> |

I.     Meeting of Parties

Lead counsel shall meet in person or, upon agreement of all parties, by telephone.  (If all parties agree to conduct the case management conference by telephone, they may do so without filing a motion with the Court).  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on **September 22, 2015** at **2:00 p.m.** and was attended by:

| Name | Counsel for (if applicable) |
| --- | --- |
| Richard P. Sybert | Plaintiff |
| Robin Taylor Symons | Plaintiff |
| Eric R. Thompson | Plaintiff |
| Lewis Anten | Defendants |
| Ivy Choderker | Defendants |
| Frederick D. Page | Defendants |

II.     Preliminary Pretrial Conference

Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are **mandatory in Track Three cases**.

**Track Two cases:** Parties (check one) [__] request [X] do not request a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case.  Unresolved issues to be addressed at such a conference include:  **Not applicable**.

III.     Pre-Discovery Initial Disclosures of Core Information

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

The parties (check one) ____ have exchanged **X** agree to exchange information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) on  by **October 22, 2015** (date).

IV.     Agreed Discovery Plan for Plaintiffs and Defendants

A.  Certificate of Interested Persons and Corporate Disclosure Statement

This Court makes an active effort to screen every case in order to identify parties and interested corporations in which the assigned judge may be a shareholder, as well as for other

matters that might require consideration of recusal.  Therefore, each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee shall file and serve within **fourteen (14) days** from that party's first appearance a Certificate of Interested Persons and Corporate Disclosure Statement using the attached mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  All papers, including emergency motions, are subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  <u>Any party who has not already filed and served the required certificate is required to do so</u> **<u>immediately</u>**.  Each party has a continuing obligation to file and serve an amended Certificate of Interested Persons and Corporate Disclosure Statement within eleven days of 1) discovering any ground for amendment, including notice of case reassignment to a different judicial officer; or 2) discovering any ground for recusal or disqualification of a judicial officer.  A party should not routinely list an assigned district judge or magistrate judge as an "interested person" absent some non-judicial interest.

   **B. Discovery Plan/Deadline**

   The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  The Court encourages the exchange of discovery requests on diskette.  <u>See</u> Local Rule 3.03 (e).  In propounding and responding to discovery, the parties are directed to consult and comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, and the Middle District of Florida's Discovery Handbook.  Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline.  In addition, the parties agree as follows: **<u>The parties currently see no need for phased discovery, changes in Rule 26(s) disclosures, or changes in</u>**

**limitations on discovery imposed by the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Middle District of Florida**. If the parties have to take depositions in Hong Kong or China, additional time may be needed for discovery. Plaintiff's counsel has represented that Lanard Toys, Inc., a non-party affiliate of Plaintiff, does not have to be treated as a third party for purposes of discovery, *i.e.* that Plaintiff and Lanard Toys, Inc. may be treated as one party for purposes of discovery, including that a subpoena will not be required for depositions of and production of documents from Lanard Toys, Inc., and that Lanard Toys, Inc. would be bound by a stipulated protective order entered into by Plaintiff and Defendants.

### C. Confidentiality Agreements/Motions to File Under Seal

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon motion and order entered under Local Rule 1.09.

The parties may reach their own agreement (without Court endorsement) regarding he designation of materials as "confidential." The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. See Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows: **The parties will agree to a stipulated confidentiality agreement with a provision, if needed, for enforcement by the Court**.

    **D.**    **Disclosure of Discovery of Electronically Stored Information and Assertion of Claims of Privilege**

Pursuant to Fed.R.Civ.P. 26(f)(3), the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production: **The parties will work together in good faith to try to agree to a stipulated agreement regarding the disclosure and discovery of electronically stored information**.

**V.**    **Mediation**

Absent a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules.  The parties have not selected a mediator from the Court's approved list of mediators, and believe that it is premature to do so until the issue regarding the location of the mediation has been resolved.  The parties have agreed to the date stated in the table above as the last date for mediation.  The list of mediators is available from the Clerk, and is posted on the Court's web site at [www.flmd.uscourts.gov](http://www.flmd.uscourts.gov).  If the parties do not so designate, the Court will designate the mediator and the deadline for mediation.

**VI.**    **Requests for Special Handling**

Requests for special consideration or handling (requests may be joint or unilateral): Plaintiff contends that there is no need for any special consideration or handling and denies Defendants' unilateral contentions below.  More particularly, Plaintiff contends that Defendants misunderstand and mischaracterize Section 411 of the Copyright Act, which is purely technical, and that no such referral lies for the underlying substantive legal issue which is for the Court,

namely Defendants' apparent contention that the work in question is a derivative work in the first place.

Defendants contend that the copyright registration at issue in this case was improperly obtained as the Copyright Office was not advised of the derivative nature of the work at issue, nor what, if anything, the Applicant claimed was new matter representing its own original work. Defendants intend to file a motion under 17 U.S.C. section 411(b)(2) with the Court to request the Court seek the Register of Copyrights' opinion regarding the materiality of any omitted information. Because Defendants believe the Register's opinion has the potential of materially changing the scope of this proceeding, Defendants respectfully reserve the right to seek a stay or other modification of the agreed schedule set forth above in the event the Register's opinion is sought.

Date: October 5, 2015.

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

| *s/ Richard P. Sybert* | *s/ Lewis Anten* |
|---|---|
| Richard P. Sybert | Lewis Anten |
| **Admitted *Pro Hac Vice*** | **Admitted *Pro Hac Vice*** |
| Holly H.K. Heffner | Ivy Choderker |
| ***Pro Hac Vice* Pending** | **Admitted *Pro Hac Vice*** |
| GORDON & REES LLP | LEWIS ANTEN, P.C. |
| 101 W. Broadway, Suite 2000 | 16830 Ventura Boulevard, Suite 236 |
| San Diego, CA 92101 | Encino, California 91436 |
| Telephone: (619) 696-6700 | Telephone: (818) 501-3535 |
| Facsimile: (619) 696-7124 | Facsimile: (818) 501-4138 |
| rsybert@gordonrees.com | lewisanten@aol.com |
| hheffner@gordonrees.com | IvyChods@aol.com |

| | |
|---|---|
| Robin Taylor Symons<br>Florida Bar No. 356832<br>Eric R. Thompson<br>Florida Bar No. 888931<br>GORDON & REES LLP<br>Southeast Financial Center<br>200 S. Biscayne Blvd., Suite 4300<br>Miami, FL  33131<br>Telephone: (305) 428-5300<br>Facsimile:  (877) 644-6209<br>Rsymons@gordonrees.com<br>Ethompson@gordonrees.com<br><br>***Attorneys for Plaintiff*** | Ben Ziggy Williamson<br>Florida Bar No. 87454<br>Fred Page<br>Florida Bar No. 968587<br>HOLLAND & KNIGHT<br>50 North Laura Street<br>Suite 3900<br>Jacksonville, Florida 32202<br>Telephone:  (904) 353-2000<br>Facsimile:  (904) 358-1872<br>Ziggy.Williamson@hklaw.com<br>fred.page@hklaw.com<br><br>***Counsel for Defendants*** |