UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| LANARD TOYS LIMITED , | ) | |
| Plaintiff, | ) | **Case Number: 3:15-cv-849-J-34PDB** |
| | ) | |
| v. | ) | |
| | ) | |
| TOYS "R" US - DELAWARE, INC. | ) | |
| DOLGENCORP, LLC, and JA-RU, INC., | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

## NOTICE OF SERVICE OF SUBPOENA PURSUANT TO FED. R. CIV. P. 45(a)(4)

YOU ARE NOTIFIED that the undersigned will issue the attached subpoena for deposition commanding the production of documents, electronically stored information, or tangible things before trial and directed to the following individual:

**Name and Address**                                  **Date of Deposition/Production**

| 1) Marc Selevan | March 7, 2017 at 9:00 a.m. |
|---|---|
| Ja-Ru, (HK) Ltd., c/o Ja-Ru, Inc., Anbacher & Schneider, P.A., 5150 Belfort Rd., Suite 100, Jacksonville, Florida 32256 | |

Respectfully submitted this 23rd day of February, 2017.

GORDON & REES SCULLY MANSUKHANI
Miami Tower, 100 S.E. Second Street, Suite 3900, Miami, FL 33131 · Telephone: 305.428.5300

*s/ Eric R. Thompson*
Eric R. Thompson, Esq.
Florida Bar No. 888931
ethompson@gordonrees.com
Robin Taylor Symons, Esq.
Florida Bar No. 356832
rsymons@gordonrees.com
Richard P. Sybert, Esq.
rsybert@gordonrees.com
(Admitted *Pro Hac Vice*)
GORDON & REES
SCULLY MANSUKHANI
Miami Tower
100 S.E. Second Street
Suite 3900
Miami, FL  33131
Telephone: (305) 428-5300
Facsimile:  (877) 644-6209
**Counsel for Plaintiff Lanard Toys Limited**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 23, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and that a true and correct copy of the foregoing was served by electronic notice on all counsel or parties of record on the Service List below.

*s/ Eric R. Thompson*
Eric R. Thompson

**Service List**

| | |
|---|---|
| Lewis Anten, Esq.<br>lewisanten@mindspring.com<br>Ivy Choderker, Esq.<br>ivychods@aol.com<br>LEWIS ANTEN, P.C.<br>16830 Ventura Boulevard, Suite 236<br>Encino, California 91436<br>*Counsel for Defendants* | Frederick D. Page, Esq.<br>Fred.page@hklaw.com<br>Ben Ziggy Williamson, Esq.<br>Ziggy.williamson@hklaw.com<br>HOLLAND & KNIGHT LLP<br>50 North Laura Street<br>Suite 3900<br>Jacksonville, Florida 32202<br>*Counsel for Defendants* |

1108401/31769761v.1

**GORDON & REES SCULLY MANSUKHANI**
Miami Tower, 100 S.E. Second Street, Suite 3900, Miami, FL 33131 · Telephone: 305.428.5300
3

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

| | |
|---|---|
| Lanard Toys Limited _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. 3:15-cv-00849-MMH-PDB |
| | ) |
| Toys "R" US-Delaware, Inc., et al. _____ | ) |
| *Defendants* | ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Marc Selevan, Ja-Ru (HK) Ltd. c/o Ja-Ru, Inc., Ansbacher & Schneider, P.A., 5150 Belfort Rd., Suite 100, Jacksonville, Florida 32256.

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: <br> Orange Legal – 1400 Prudential Drive #1, Jacksonville, Florida 32207. | Date and Time: <br> March 7, 2017 at 9:00 a.m. |
|---|---|

The deposition will be recorded by this method:  Audio and Video

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
See Attachment A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  February 23, 2017 _____

        *CLERK OF COURT*

                                 OR

| _____ | */s/ Eric R. Thompson* _____ |
|---|---|
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |
| | Eric R. Thompson |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Lanard Toys Limited _____ , who issues or requests this subpoena, are:

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

Eric. R. Thompson and Richard P. Sybert, 101 W. Broadway, Suite 2000, San Diego, Cal., 92101
ethompson@gordonrees.com ;rsybert@gordonrees.com, (619) 696-6700.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial,
a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it
is directed.  Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:15-cv-00849-MMH-PDB.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## ATTACHMENT "A"

### DEFINITIONS

1.      "JA-RU," "YOU," and "YOUR" refer to Defendant Ja-Ru Inc., its affiliate Ja-Ru (HK) Ltd., their agents, attorneys, investigators, affiliates, parents, subsidiaries, employees and representatives, consultants, all those who are or have been in active concert with them, and any person answering discovery requests in this matter.

2.      "TOYS 'R' US" refers to Defendant Toys "R" Us-Delaware, Inc., its agents, attorneys, investigators, affiliates, parents, subsidiaries, employees and representatives, consultants, and all those who are or have been in active concert with it.

3.      "DOLGENCORP" refers to Defendant Dolgencorp, LLC, its agents, attorneys, investigators, affiliates, parents, subsidiaries, employees and representatives, consultants, and all those who are or have been in active concert with it.

4.      "PERSON(S)" means any individual, firm, partnership, corporation, association, or other legal entity.

5.      "COMMUNICATION(S)" means the transmittal of information in any form, whether orally, electronically or by document, and whether face to face, by telephone, mail, facsimile, electronic mail, social media or other internet communication, or by any other means.

6.      "DOCUMENT(S)" is meant to include, without limiting its generality, contracts, agreements, correspondence, telegrams, reports, records, schedules, diaries, invoices, purchase orders, charts, notes, estimates, summaries, inventories, minutes of meetings, memoranda, telephone conference or conversation records, computer files, photographs, and any and all other written, printed, recorded, or typed matters of whatever kind including that which is described in Federal Rules of Evidence, and Rules 1001 and 34(a) of the Federal Rules of Civil Procedure.

7.      "AND" and "OR" includes both the conjunctive "and" and disjunctive "or" as necessary to bring within the scope of the following requests all information or DOCUMENTS that would be excluded absent this definition.

8.     "ANY" and "ALL" include both the singular "any" and the collective "all" as necessary to bring within the scope of the following requests all information or DOCUMENTS that would be excluded absent this definition.

9.     "RELATE TO" (and its derivatives) means any reasonable connection, correlation or link, or that which a reasonable PERSON would think relevant to and includes, by way of example and without limitation, concerning, referring to, alluding to, responding to, summarizing, reflecting on, analyzing, constituting, containing, embodying, pertaining to, involved with, mentioning, consisting of, comprising, showing, commenting upon, evidencing, describing, discussing, showing, connected with, and in respect of.

10.     "SUPPORT" means to provide corroborating evidence for, and includes without limitation, to maintain, aid, promote, sustain, advocate, and reinforce.

11.     "ANSWER" refers to Paragraphs 1 to 59, or any portion thereof, beginning at page 2 of the Answer, Affirmative Defenses and Counterclaim to Second Amended Complaint, and Demand for Jury Trial of Defendant Ja-Ru Inc., filed in the United States District Court, Middle District of Florida, Case No. 3:15-cv-00849-MMH-PDB on or around August 27, 2015.

12.     "AFFIRMATIVE DEFENSE" refers to Paragraphs 60 to 73, or any portion thereof, beginning at page 7 of the Answer, Affirmative Defenses and Counterclaim to Second Amended Complaint, and Demand for Jury Trial of Defendant Ja-Ru Inc., filed in the United States District Court, Middle District of Florida, Case No. 3:15-cv-00849-MMH-PDB on or around August 27, 2015.

13.     "COUNTERCLAIMS" refers to Paragraphs 1 to 24, or any portion thereof, beginning at page 10 of the Answer, Affirmative Defenses and Counterclaim to Second Amended Complaint, and Demand for Jury Trial of Defendant Ja-Ru Inc., filed in the United States District Court, Middle District of Florida, Case No. 3:15-cv-00849-MMH-PDB on or around August 27, 2015.

14.     "LANARD" means Lanard Toys Limited, the Plaintiff in the above-captioned action, and all of LANARD's agents, attorneys, investigators, affiliates, subsidiaries, employees and representatives, and anyone authorized to act on LANARD's behalf.

15.     "LANARD CHALK PENCIL" means the LANARD "Chalk Pencil" toy that is the subject of LANARD'S Second Amended Complaint, and Demand for Jury Trial, filed in the United States District Court, Middle District of Florida, Case No. 3:15-cv-00849-MMH-PDB on or around August 10, 2015, AND that is registered as United States Copyright Registration No. VA 1-794-458, AND as United States Design Patent No. D671,167 entitled "Chalk Pencil Holder" (hereinafter, " the '167 Patent"), AND variations thereof designed, manufactured, OR sold by LANARD including without limitation LANARD's "Concrete Canvas Outdoor Chalk," AND also including "private label" versions "Sizzlin'Cool Giant Chalk Pencil" supplied by LANARD to TOYS "R" US for the 2012 and 2013 selling seasons, AND "Concrete Canvas Giant Chalk Pencil" supplied by LANARD to DOLGENCORP for the 2011, 2012, and 2013 selling seasons, AND any variations thereof.

16.     "JA-RU PRODUCT" means the TOYS "R" US Sizzlin Cool "Chalk Pencil" and DOLGENCORP "Side Walk Chalk Chalk Pencil" referenced at Paragraphs 22, 25, and 28 of LANARD'S Second Amended Complaint, and Demand for Jury Trial, filed in the United States District Court, Middle District of Florida, Case No. 3:15-cv-00849-MMH-PDB on or around August 10, 2015, AND offered as part of TOYS "R" US 2014 toy line AND DOLGENCORP's Spring 2014 toy line, and any variations thereof, AND any variations of the "Chalk Pencil" manufactured, distributed, or sold to any other retailer or distributor by JA-RU.

17.     Electronically stored information shall be produced in native format or, should the parties agree, in some other mutually agreeable format.

<u>DOCUMENTS TO BE PRODUCED</u>

**NO 1:**

ALL DOCUMENTS AND COMMUNICATIONS that SUPPORT OR RELATE TO YOUR allegation in Paragraph 7 of the COUNTERCLAIMS that LANARD'S registered

copyright, United States Registration No. VA 1-794-458 is invalid AND unenforceable due to fraud on the United States Copyright Office.

**NO 2:**

ALL DOCUMENTS AND COMMUNICATIONS that SUPPORT OR RELATE TO YOUR allegation in Paragraph 7 of the COUNTERCLAIMS that LANARD'S registered copyright, United States Registration No. VA 1-794-458 is invalid AND unenforceable due to failure to disclose AND intentionally concealing information required to be disclosed on the copyright application that led to U.S. Registration No. VA 1-794-458.

**NO 3:**

ALL DOCUMENTS AND COMMUNICATIONS that SUPPORT OR RELATE TO YOUR allegation in Paragraph 7 of the COUNTERCLAIMS that LANARD'S registered copyright, United States Registration No. VA 1-794-458 is invalid AND unenforceable because the work sought to be registered was a derivative work.

**NO 4:**

ALL DOCUMENTS AND COMMUNICATIONS that SUPPORT OR RELATE TO YOUR contention that LANARD'S registered copyright, United States Registration No. VA 1-794-458 is invalid, void, OR otherwise unenforceable for failure to comply with the requirements set forth in 17 U.S.C. § 102, OR for any other reason.

**NO 5:**

ALL DOCUMENTS AND COMMUNICATIONS that SUPPORT OR RELATE TO YOUR contention that the JA-RU PRODUCT is not substantially similar to LANARD CHALK PENCIL.

**NO 6:**

ALL DOCUMENTS AND COMMUNICATIONS that SUPPORT OR RELATE TO YOUR contention that the LANARD CHALK PENCIL is a derivative work.

**NO 7:**

ALL DOCUMENTS AND COMMUNICATIONS that SUPPORT OR RELATE TO YOUR allegation in Paragraph 12 of the COUNTERCLAIMS that the '167 Patent is invalid, void, AND unenforceable for failure to meet the requirements of a patent AND patent validity set forth in 35 U.S.C. § 102.

**NO 8:**

ALL DOCUMENTS AND COMMUNICATIONS that SUPPORT OR RELATE TO YOUR allegation in Paragraph 12 of the COUNTERCLAIMS that the '167 Patent is invalid, void, AND unenforceable for failure to meet the requirements of a patent AND patent validity set forth in 35 U.S.C. § 103.

**NO 9:**

ALL DOCUMENTS AND COMMUNICATIONS that SUPPORT OR RELATE TO YOUR allegation in Paragraph 12 of the COUNTERCLAIMS that the '167 Patent is invalid, void, AND unenforceable for failure to meet the requirements of a patent AND patent validity set forth in 35 U.S.C. § 112.

**NO 10:**

ALL DOCUMENTS AND COMMUNICATIONS that SUPPORT OR RELATE TO YOUR allegation in Paragraph 13 of the COUNTERCLAIMS that the '167 Patent is invalid and unenforceable due to fraud on the United States Patent Office.

**NO 11:**

ALL DOCUMENTS AND COMMUNICATIONS that SUPPORT OR RELATE TO YOUR allegation in Paragraph 13 of the COUNTERCLAIMS that the '167 Patent is invalid AND unenforceable for the failure to disclose information required to be disclosed on the patent application that led to the '167 Patent.

**NO 12:**

ALL DOCUMENTS AND COMMUNICATIONS that SUPPORT OR RELATE TO YOUR allegation in Paragraph 13 of the COUNTERCLAIMS that the '167 Patent is invalid

AND unenforceable for intentionally concealing information required to be disclosed on the patent application that led to the '167 Patent.

**NO 13:**

     ALL DOCUMENTS AND COMMUNICATIONS that SUPPORT OR RELATE TO YOUR allegation in Paragraph 13 of the COUNTERCLAIMS that the '167 Patent is invalid AND unenforceable due to LANARD'S unclean hands with respect to its patent claim.

**NO 14:**

     ALL DOCUMENTS AND COMMUNICATIONS that SUPPORT OR RELATE TO YOUR contention that the '167 Patent is invalid, void, OR otherwise unenforceable, for any other reason.

**NO 15:**

     ALL DOCUMENTS AND COMMUNICATIONS that SUPPORT OR RELATE TO Paragraph 14 of the COUNTERCLAIMS, namely, "Ja-Ru denies that it has infringed or is infringing, directly, indirectly, contributory, or by inducement the '167 Patent, or any valid and enforceable claim thereof, and that it has never done so."

**NO 16:**

     ALL DOCUMENTS AND COMMUNICATIONS that SUPPORT OR RELATE TO YOUR allegation in Paragraph 18 of the COUNTERCLAIMS that the LANARD CHALK PENCIL's trade dress is not inherently distinctive.

**NO 17:**

     ALL DOCUMENTS AND COMMUNICATIONS that SUPPORT OR RELATE TO YOUR allegation in Paragraph 18 of the COUNTERCLAIMS that the LANARD CHALK PENCIL's trade dress has not acquired secondary meaning.

**NO 18:**

     ALL DOCUMENTS AND COMMUNICATIONS that SUPPORT OR RELATE TO YOUR allegation in Paragraph 18 of the COUNTERCLAIMS that the LANARD CHALK

PENCIL's trade dress or individual features thereof does not identify LANARD as the source of product.

**NO 19:**

    ALL DOCUMENTS AND COMMUNICATIONS that SUPPORT OR RELATE TO YOUR allegation in Paragraph 18 of the COUNTERCLAIMS that the LANARD CHALK PENCIL's trade dress does not identify or distinguish the LANARD CHALK PENCIL from the goods of others.

**NO 20:**

    ALL DOCUMENTS AND COMMUNICATIONS that SUPPORT OR RELATE TO YOUR allegation in Paragraph 18 of the COUNTERCLAIMS that the LANARD CHALK PENCIL's trade dress or individual features thereof is primarily functional.

**NO 21:**

    ALL DOCUMENTS AND COMMUNICATIONS that SUPPORT OR RELATE TO YOUR contention that the trade dress of the LANARD CHALK PENCIL is invalid, OR otherwise unenforceable, for any other reason.

**NO 22:**

    ALL DOCUMENTS AND COMMUNICATIONS that SUPPORT OR RELATE TO YOUR contention in Paragraph 23 of the COUNTERCLAIMS that YOU have not caused confusion among the relevant public, including specifically without limitation all DOCUMENTS and COMMUNICATIONS sufficient to show YOUR intended definition of "relevant public."

**NO 23:**

    ALL DOCUMENTS AND COMMUNICATIONS that RELATE TO OR reflect COMMUNICATIONS between YOU and DOLGENCORP RELATING TO the LANARD CHALK PENCIL.

**NO 24:**

    ALL DOCUMENTS AND COMMUNICATIONS that RELATE TO OR reflect COMMUNICATIONS between YOU and DOLGENCORP RELATING TO the JA-RU

PRODUCT.

**NO 25:**

      ALL DOCUMENTS AND COMMUNICATIONS that RELATE TO OR reflect COMMUNICATIONS between YOU and DOLGENCORP RELATING TO this lawsuit.

**NO 26:**

      ALL DOCUMENTS AND COMMUNICATIONS that RELATE TO OR reflect COMMUNICATIONS between YOU and TOYS "R" US RELATING TO the LANARD CHALK PENCIL.

**NO 27:**

      ALL DOCUMENTS AND COMMUNICATIONS that RELATE TO OR reflect COMMUNICATIONS between YOU and TOYS "R" US RELATING TO the JA-RU PRODUCT.

**NO 28:**

      ALL DOCUMENTS AND COMMUNICATIONS that RELATE TO OR reflect COMMUNICATIONS between YOU and TOYS "R" US RELATING TO this lawsuit.

**NO 29:**

      ALL DOCUMENTS AND COMMUNICATIONS that RELATE TO the design OR development of the JA-RU PRODUCT.

**NO 30:**

      ALL DOCUMENTS AND COMMUNICATIONS that RELATE TO advertising OR marketing of the JA-RU PRODUCT.

**NO 31:**

      ALL DOCUMENTS sufficient to determine the profit per JA-RU PRODUCT sold.

**NO 32:**

      ALL DOCUMENTS sufficient to determine the quantity of JA-RU PRODUCT sold, both in units and gross revenue.

**NO 33**:

ALL DOCUMENTS AND COMMUNICATIONS that RELATE TO the manufacture of the JA-RU PRODUCT.

**NO 34**:

ALL contracts AND DOCUMENTS AND COMMUNICATIONS that RELATE TO contracts with suppliers, manufacturers, OR distributors of the JA-RU PRODUCT.

**NO 35**:

ALL DOCUMENTS AND COMMUNICATIONS that RELATE TO ANY comparison of the LANARD CHALK PENCIL to the JA-RU PRODUCT.

**NO 36**:

ALL DOCUMENTS AND COMMUNICATIONS that RELATE TO YOUR effort to copy OR duplicate OR produce a product similar to the LANARD CHALK PENCIL.

**NO 37**:

ALL DOCUMENTS AND COMMUNICATIONS that RELATE TO YOUR Sixth AFFIRMATIVE DEFENSE at Paragraph 65 that YOUR "alleged conduct was done, if at all, with innocent intent and without any belief that any acts of Defendant Ja-Ru constituted infringement or a violation of any rights of Plaintiff."

**NO 38**:

ALL DOCUMENTS AND COMMUNICATIONS that RELATE TO YOUR Seventh AFFIRMATIVE DEFENSE at Paragraph 66 that "[i]f Plaintiff has suffered any damages at all, then said damages were and are the proximate and immediate result of the actions or inactions of Plaintiff and/or parties other than Defendants."

**NO 39**:

ALL DOCUMENTS AND COMMUNICATIONS that RELATE TO YOUR Ninth AFFIRMATIVE DEFENSE at Paragraph 68 that "Defendant Ja-Ru's alleged conduct constitutes fair use of any copyright interest Plaintiff may have, if any, in its chalk pencil holder product that is the subject of the SAC."

**NO 40:**

ALL DOCUMENTS AND COMMUNICATIONS that RELATE TO YOUR Thirteenth AFFIRMATIVE DEFENSE at Paragraph 72 that "[t]he relief sought by Plaintiff as to United States Design Patent No. D671,167 is barred under the doctrine of prosecution history estoppel."

**NO 41:**

ALL DOCUMENTS AND COMMUNICATIONS that RELATE TO YOUR Fourteenth AFFIRMATIVE DEFENSE at Paragraph 72 that "Plaintiff has not complied with the appropriate marking statute applicable to patents."

**NO 42:**

For EACH year from 2011 to 2015, YOUR DOCUMENT retention policy.

**NO 43:**

DOCUMENTS AND COMMUNICATIONS sufficient to show YOUR relationship with OR history of dealing with TOYS "R" US for the past ten years.

**NO 44:**

DOCUMENTS AND COMMUNICATIONS sufficient to show YOUR relationship with OR history of dealing with DOLGENCORP for the past ten years.

**NO 45:**

ALL DOCUMENTS AND COMMUNICATIONS sufficient to identify any intellectual-property related demand or cease-and-desist letter received by YOU in the last five (5) years that led to a discontinuation of, or other type of settlement with regard to, any of YOUR products.

**NO 46:**

ALL DOCUMENTS AND COMMUNICATIONS sufficient to identify all JA-RU employees, agents, AND consultants materially involved in design OR acquisition of toys offered for sale, manufactured, OR distributed by YOU at ANY time in the past ten years.