UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANARD TOYS LIMITED,

    Plaintiff,

v.

Case No. 3:15-cv-849-J-34PDB

TOYS "R" US-DELAWARE, INC.,
DOLGENCORP LLC and JA-RU, INC.,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Objection to the May 10, 2017 Order of Magistrate Judge Patricia D. Barksdale [D.E. #253] Pursuant to Fed.R.Civ.P.72(a) (Doc. 257; Objection), filed on May 23, 2017. Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), and 28 U.S.C. § 636, Plaintiff objects to the Order (Doc. 253; Order) signed by the Honorable Patricia D. Barksdale, United States Magistrate Judge, on May 10, 2017. In the Order, Magistrate Judge Barksdale denied Plaintiff's Motion for Leave to File Third Amended Complaint and Supporting Memorandum of Law (Doc. 160; Motion) because Plaintiff failed to establish good cause to amend its pleading after the deadline set forth in the Court's Case Management and Scheduling Order and Referral to Mediation (Doc. 127; Scheduling Order) had expired. See Order at 15. Plaintiff objects to the Order to the extent that the Magistrate Judge (1) finds that a party cannot demonstrate good cause under Rule 16(b) if it cannot establish diligence; and (2) finds that Plaintiff has not established diligence. See Objection at 1-2. As relief, Plaintiff "requests that the Order be set aside." Id. at 11. Defendants responded to the Objection on June 1, 2017. See

Defendants' Response in Opposition to Plaintiff's Objection to the May 10, 2017 Order of Magistrate Judge Patricia D. Barksdale [D.E. #253] (Doc. 265; Response).

Inasmuch as the Magistrate Judge's May 10, 2017 Order denying Plaintiff's Motion seeking leave to file an amended complaint does not dispose of a claim or defense of any party, it is a nondispositive order.[1] See Smith v. Sch. Bd. of Orange Cnty., 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam). As such, to prevail in its Objection, Plaintiff must establish that the conclusions to which it objects in the Order are clearly erroneous or contrary to law. See Rule 72(a); 28 U.S.C. § 636(b)(1)(A); see also Merritt v. Int'l Bhd. of Boilermakers, 649 F.2d 1013, 1016-17 (5th Cir. Unit A June 1981);[2] Nat'l Ass'n for the Advancement of Colored People v. Fla. Dep't of Corrs., 122 F. Supp. 2d 1335, 1337 (M.D. Fla. 2000); Williams v. Wright, No. 3:09-cv-055, 2009 WL 4891825, at *1 (S.D. Ga. Dec.16, 2009) ("A district court reviewing a magistrate judge's decision on a nondispositive issue 'must consider . . . objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'") (quoting Rule 72(a)).[3] "Clear error is a highly deferential standard of review." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). "[A] finding is 'clearly erroneous' when although there is

---

[1] A motion to amend is a nondispositive motion which a magistrate judge has the authority to resolve. Palmore v. Hicks, 383 F. App'x 897, 899-900 (11th Cir. 2010) (citing 28 U.S.C. § 636(b)(1)(A)) and collecting cases); Reeves v. DSI Sec. Servs. Inc., 395 F. App'x 544, 548 (11th Cir. 2010) (noting that a magistrate judge can rule on nondospitive motions such as motions to amend); see also Clemons v. Delta Airlines, Inc., 625 F. App'x 941, 942 (11th Cir. 2015) (finding that because a ruling on a motion to amend by a magistrate judge is a ruling on a nondispositive motion, a party's failure to object to the ruling pursuant to Rule 72(a) waives the right to challenge that ruling on appeal).

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] "Although an unpublished opinion is not binding . . ., it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (citations and quotations omitted); see also Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A)] means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."). A magistrate judge's order "is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Botta v. Barnhart, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (quoting Catskill Dev., L.L.C. v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002); see also Pigott v. Sanibel Dev., LLC, Civil Action No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (similar) (citation omitted); Schaaf v. SmithKline Beecham Corp., Civil Action No. 1:04-cv-2346-GET, 2008 WL 489010, at *3 (N.D. Ga. Feb. 20, 2008) (similar) (citation omitted).[4]

After a thorough review of the Magistrate Judge's May 10, 2017 Order, Plaintiff's Objection and Defendants' Response, as well as the legal memoranda presented to the

---

[4] The Court notes some authority that the "contrary to law" standard invites plenary review of a magistrate judge's legal conclusions. See e.g., Haines v. Liggett Grp., Inc., 975 F.2d 81, 91 (3d Cir. 1992); Milwaukee Carpenter's Dist. Council Health Fund v. Philip Morris, Inc., 70 F. Supp. 2d 888, 892 (E.D. Wis. 1999); Computer Econ., Inc. v. Gartner Grp., Inc., 50 F. Supp. 2d 980, 983 & n.2 (S.D. Cal. 1999). In this Circuit, however, the "contrary to law" standard has been distinguished as more deferential than de novo review. See Merritt, 649 F.2d at 1016-17 ("[A] magistrate['s nondispositive orders] are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination as are a magistrate's proposed findings and recommendations."). Nonetheless, even to the extent the "contrary to law" standard may invite some level of plenary review, it is evident that because a magistrate is afforded broad discretion as to discovery matters, reversal as to a magistrate's discovery-related order is appropriate only where that discretion is abused. See generally Johnson v. Bd. of Regents of the Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pretrial activities, including discovery and scheduling."); Botta, 475 F. Supp. 2d at 185; Doe v. Hartford Life & Accident Ins. Co., 237 F.R.D. 545, 547-48 (D.N.J. 2006); Doe v. Marsh, 899 F. Supp. 933, 934 (N.D.N.Y. 1995); see also CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3069 (2d ed. 1997) ("Regarding legal issues, the language 'contrary to law' appears to invite plenary review. But many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis.").

3

Magistrate Judge, the Court finds no error, much less "clear error" in the May 10, 2017 Order. The Court further finds that the May 10, 2017 Order is not contrary to law. Preliminarily, the Court notes that Plaintiff did not address Rule 16 in the Motion or Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion for Leave to File a Third Amended Complaint and Supporting Memorandum of Law [D.E. #208] (Doc. 222; Reply). Nor did it contend that it had established diligence. Id. This is so despite the fact that Defendants, in Defendants/Counterclaimants Response in Opposition to Plaintiff/Counterdefendant's Motion for Leave to File a Third Amended Complaint and Supporting Memorandum of Law (Doc. 208; Response to Motion) specifically raised Rule 16 and argued that Plaintiff had not shown diligence. See Response to Motion at 7-9. A "district court has the discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009). As the Court declines to consider Plaintiff's new arguments raised for the first time in the Objection, Plaintiff's Objection is due to be overruled on this basis.

More importantly, even considering Plaintiff's arguments, the Court still would find that the Objection is due to be overruled. In the Eleventh Circuit, to amend a pleading after the deadline in a scheduling order has expired, a party must show good cause pursuant to Rule 16. See Romero v. Drummond Co., Inc., 552 F.3d 1303, 1318-19 (11th Cir. 2008); Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998). Plaintiff's primary authority in support of the Objection, Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc., 648 F. Supp.2d 1371, 1377-78 (M.D. Fla. 2009), fails to persuade the Court that the Magistrate Judge abused her discretion by ending her analysis of Rule 16 after finding that Plaintiff

4

failed to establish diligence. In Auto-Owners, the court opined that the Eleventh Circuit "has not foreclosed the possibility" that a party seeking to amend its pleading after the deadline set in a scheduling order may prevail even without demonstrating diligence. Id. at 1377-78. Notably, this authority is non-binding. See Fishman & Tobin, Inc. v. Tropical Shipping & Constr. Co., Ltd., 240 F.3d 956, 965 (11th Cir. 2001) ("[T]he district court cannot be said to be bound by a decision of one of its brother or sister judges."). And given the differences in the circumstances presented there and here, it is not terribly persuasive. Further, the opinion does not suggest that a court must consider factors beyond diligence, or that Judge Barksdale committed a clear error by confining her Rule 16 analysis to Plaintiff's lack of diligence. This is especially true in light of binding Eleventh Circuit precedent holding that a district court does not abuse its discretion by denying a motion to amend the pleadings after the scheduling order's deadline had passed because the party failed to show diligence. See Romero, 552 F.3d at 1319-20; Sosa, 133 F.3d at 1419.[5] Additionally, the Court's review of the record reveals that the Magistrate Judge identified the correct legal standard and applied it appropriately to the facts of this case. In doing so, the Magistrate Judge neither committed clear error nor reached a conclusion contrary to law in finding that Plaintiff failed to show good cause as required by Rule 16 and that the Motion should be denied. Indeed, the Court identifies no error in the ruling. Accordingly, it is

**ORDERED:**

---

[5] To the extent that Plaintiff argues that these Eleventh Circuit cases are inapplicable, see Objection at 9, the Court finds that the Objection is due to be overruled, as Plaintiff has not provided any authority to support this contention.

5

1. Plaintiff's Objection to the May 10, 2017 Order of Magistrate Judge Patricia D. Barksdale [D.E. #253] Pursuant to Fed.R.Civ.P.72(a) (Doc. 257) is **OVERRULED**.

2. Magistrate Judge Barksdale's Order (Doc. 253) is **AFFIRMED.**

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of July, 2017.

MARCIA MORALES HOWARD
United States District Judge

lc25
Copies to:

Counsel of Record

The Honorable Patricia D. Barksdale
United States Magistrate Judge