UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANARD TOYS LIMITED,

    Plaintiff,

v.                                                                          Case No. 3:15-cv-00849-MMH-PDB

TOYS "R" US–DELAWARE, INC.,
DOLGENCORP, LLC, and JA-RU, INC.,

    Defendants.
_____/

### DEFENDANTS' *DAUBERT* MOTION TO EXCLUDE PARKER H. BAGLEY AS AN EXPERT AND TO EXCLUDE HIS REBUTTAL EXPERT REPORT AND TESTIMONY FOR ALL PURPOSES

Defendants/Counterclaimants Toys "R" Us-Delaware, Inc. ("TRU"), Dolgencorp, LLC ("Dolgencorp"), and Ja-Ru, Inc. ("Ja-Ru") (collectively, "Defendants") hereby respectfully submit this *Daubert* Motion to Exclude Plaintiff Lanard Toys Ltd.'s ("Plaintiff" or "Lanard") expert Parker H. Bagley ("Bagley") as an Expert and to Exclude his Rebuttal Expert Report And Testimony for all purposes, including, without limitation, in support or in opposition to any motions and at trial.

    **I.    INTRODUCTION**

Bagley, Plaintiff's purported patent and copyright expert, one of two experts retained by Plaintiff to rebut the opinions of Defendants' expert, Ronald Kemnitzer[1], is unqualified to serve as an expert. (See Rebuttal Expert Report of Parker H. Bagley ("Bagley Rebuttal Report," **Exhibit ("Exh.") A** attached hereto, Section 1, ¶1). Bagley is an intellectual

---

1 See Expert Repot of Robert John Anders. (D.E. #299-16)

1

property litigation lawyer who has previously represented Plaintiff in several litigation matters.[2] (**Exh. A**, Bagley Rebuttal Report, Section III.3; See Deposition Transcript of Parker Bagley ("Bagley Depo."), excerpts of which are attached hereto as **Exh. B**, at 4:5-11; 16:13-18:9). One such case in which Bagley represented Plaintiff is *Hasbro, Inc. v. Lanard Toys, Ltd.*, 858 F.2d 70 (2d Cir. 1988), in which the court enjoined Plaintiff from violating the intellectual property rights of Hasbro, Inc.'s GI Joe toys. Although Bagley may have knowledge regarding Plaintiff's history of violating other toy company's intellectual property rights, he lacks any qualifications to serve as an expert witness in the instant action.

Bagley is unqualified to serve as an expert as he lacks any expertise, and specifically lacks ordinary skill in the pertinent art of product design, including, without limitation, the design of toys, chalk holders, or writing instruments, which he freely admits. (**Exh. A,** Bagley Rebuttal Report, Section I, ¶ 1, Section II, ¶ 2, Section III, ¶ 3 and 4, and Appendix A; **Exh. B**, Bagley Depo. at 13:5-15; 14:17-20) Specifically, Bagley admits he has no product design experience; has never worked as an industrial designer; has never designed an article of manufacture, including a writing instrument or toys; has never been listed as an inventor on any design or utility patents; has no formal training in industrial or product design; has never taken any courses in industrial design; and has no technical experience in product design, writing instruments, or chalk holders; and has worked with a focus group only once. (**Exh. B**, Bagley Depo. at 8:8-10:8; 10:24-11:15) Bagley has served as an expert witness in only one other case, a trademark case in which he was an expert as to trademark

---

2 Concurrently with the filing of this Motion, Defendants are filing a Daubert motion to exclude a different expert of Plaintiff's, Larry B. Myer. Mr. Myer, who was designated by Plaintiff as its toy industry expert, is a former Executive Vice President of Plaintiff and a personal friend of its Managing Director, James Hesterberg.

law. (**Exh. B**, Bagley Depo. at 10:9-23)  He has tried design patent to a jury only twice. (**Exh. B**, Bagley Depo. at 15:11-16:12). Bagley admits that he does not qualify as a designer of ordinary skill in the art in this matter. (**Exh. B**, Bagley Depo. at 13:5-15).

Bagley is not a qualified expert, but rather an old, personal friend of Plaintiff's attorney, Richard Sybert and proffers nothing more than his legal analysis and conclusions on ultimate legal issues of validity and infringement. (**Exh. B**, Bagley Depo. at 5:7-20). Lacking any ordinary skill in the art of design, he is unqualified to opine as an expert on the ultimate issues of design patent validity/invalidity and infringement/non-infringement in this case.  It would be no different than if one of Defendants' intellectual property attorneys of record in this case was proffered as an expert witness.  Bagley admits that issues of validity/invalidity and infringement/non-infringement, are legal issues that are the province of the court to decide, not an expert witness.  (**Exh. B**, Bagley Depo. at 5:24-7:7).  Accordingly, Bagley is unqualified to opine as to validity/invalidity and infringement/non-infringement issues in this case and should be excluded.

Given Bagley's lack of any relevant expertise and with proffered opinions that are nothing more than legal analysis and conclusions, any purported opinions of Bagley are irrelevant, unreliable, and will not assist the jury.  Such proffered opinions are thus inadmissible.

## II.   BAGLEY'S REBUTTAL REPORT AND DEPOSITION TESTIMONY

This case involves Plaintiff's claims for copyright infringement, design patent infringement, trade dress infringement, and unfair competition involving a child's toy (a chalk holder in the shape and design of an oversized pencil designed to hold "sidewalk

3

chalk" for kids), and Defendants' corresponding declaratory judgment counterclaims for invalidity, unenforceability, and non-infringement and no unfair competition regarding the asserted intellectual property.

As his Rebuttal Report states, Bagley was retained to serve as a rebuttal expert to the opinions of Defendants' expert, Ronald Kemnitzer. (**Exh. A**, Bagley Rebuttal Report, Section I, ¶ 1)

Bagley's Rebuttal Report states that his opinions are based on his experience as an attorney litigating intellectual property cases, his analysis of the facts to the case, relevant case law, and the Federal Rules of Evidence. (**Exh. A**, Bagley Rebuttal Report, Sections I-III).

### A. Issues Upon Which Bagley Was Retained To Opine

Bagley proffers his opinions regarding: (a) the ordinary observer; (b) prior art (c) the validity of the patent-in-suit; (d) a comparison of Plaintiff and Ja-Ru's chalk holders when compared to the patent-in-suit, (e) obviousness; (f) functionality; and (g) copyright issues. (**Exh. A**, Bagley Rebuttal Report, Section V, ¶12-26).

### III. LEGAL ARGUMENT

#### A. Standard of Review: *Daubert* and Rule 702

The admissibility of expert testimony turns on whether the expert is qualified and whether the testimony meets the requirements of Rule 702 of the Federal Rules of Evidence ("Rule(s)"). *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

Rule 702, as explained by the United States Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and further clarified in *General Electric*

*Co. v. Joiner*, 522 U.S. 136 (1997) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), governs the admissibility of expert testimony. Expert testimony may only be admitted into evidence if: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable; and (3) the testimony assists the trier of fact in understanding the evidence or determine a fact in issue through the application of scientific, technical or other specialized knowledge. *See* Fed.R.Evid. 702; *see also*, *Daubert*, 509 U.S. at 589; *Cook v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1107 (11th Cir. 2005); *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1999); s*ee also U.S. v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004).

The Advisory Committee Notes to Rule 702 confirm that formal scientific or academic training and methodology is not a necessary predicate to testimony as an expert. Fed. R. Evid 702, Advisory Comm. Notes   Rather, experience alone, or in conjunction with "other knowledge, skill, training or education," can provide a sufficient foundation for expert testimony. *Id.; see also Kumho Tire*, 526 U.S. at 156 ("[N]o one denies that an expert might draw a conclusion from a set of observations based on extensive and specialized experience."). However, "if the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702, Advisory Comm. Notes.

To determine reliability, the second prong, *Daubert* sets forth a number of factors for courts to consider, including: (1) whether the expert's theory can be and has been tested; (2)

5

whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community. *Daubert*, 509 U.S. at 589-590. These factors are non-exhaustive, and a court's inquiry is flexible and is to include other considerations that may bear on the reliability of an expert's opinion. *Id*. (citing *Kumho Tire*, 526 U.S. at 150). 'The trial judge in all cases of proffered expert testimony must find that it is properly grounded, well- reasoned, and not speculative before it can be admitted.' *United States v. Frazier*, 387 F.3d 1244, 1262 (11th Cir. 2004) (citing Fed. R. Evid. 702 advisory committee's note (2000 amends.)

The decision to admit or exclude the testimony of a proposed expert lies within the discretion of the trial court. *See Cook*, 402 F.3d at 1103 (*citing Frazier*, 387 F.3d at 1258).

Further, "[t]he *Daubert* analysis does not operate in a vacuum," as expert testimony is also subject to the threshold requirements imposed by Rules 401, 402, and 403. *See Allison v. McGhan Med. Corp.,* 184 F.3d 1300, 1309 (11th Cir. 1999). Accordingly, evidence that survives a Rule 702 inquiry, may still be excluded under Rules 401 and 402 if it is irrelevant, and under Rule 403 if it its probative value is substantially outweighed by danger of unfair prejudice, confusion of the issues, or by misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed.R.Civ.P. 401, 402, and 403.

The party offering the expert testimony carries the burden of laying the proper foundation, and admissibility must be shown by a preponderance of the evidence. *See Allison* 184 F.3d at 1306. The district court's gatekeeping function is necessary "to ensure that

speculative, unreliable expert testimony does not reach the jury under the mantle of reliability that accompanies the appellation expert testimony." *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005) (citing *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1256 (11th 2002)).

### B. Bagley is An Attorney, Not An Expert, And His Testimony Will Not Assist the Jury

Expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person. *United States v. Frazier*, 387 F.3d 1244, 1262 (11th Cir. 2004). Expert testimony is admissible if it offers something beyond the understanding an experience of the average citizen. *See United States v. Rouco*, 765 F.2d 983, 995 (11th Cir. 1985). Proffered expert testimony generally will not help the trier of fact when it offers nothing more than factual and legal conclusions argued by experienced lawyers for the parties in closing arguments. *Frazier*, 387 F.3d at 1263-63 (quoting 4 Weinstein's Federal Evidence § 702.03).

### C. A Patent Attorney Lacking Ordinary Skill In The Pertinent Art Is Not Qualified To Testify On Ultimate Issues Of Validity And Infringement

A patent lawyer is not qualified to opine on issues of patent infringement and validity unless the lawyer is an expert in the pertinent art. *Sundance, Inc. v. Demonte Fabricating Ltd.*, 550 F.3d 1356, 1363-1365 (Fed. Cir. Dec. 24, 2008) (finding the district court's denial of the motion in limine to exclude the testimony of a patent lawyer, a person not skilled in the pertinent art, was an abuse of discretion) ("We understand that patent lawyers are often qualified to testify as technical experts, but such a qualification must derive from a lawyer's technical qualifications in the pertinent art."). *Id.* at 1363; *see also MDS (Can.), Inc. v. RAD*

*Source Techs., Inc.*, 720 F.3d 833, 849 n.2 (11th Cir. 2013) (finding that the district court did not abuse its discretion when it excluded the testimony of a proffered expert because he was essentially a patent attorney who testified concerning legal issues of patent analysis and was not a person "having ordinary skill in the art" who could help the district court evaluate the claim of patent infringement).

Having expertise in patent law and procedures is not sufficient qualification to serve as an expert on issues of patent validity/invalidity and infringement/non-infringement, including anticipation, obviousness, the nature of the claimed invention, what a prior art reference discloses, or whether the asserted claims read on the prior art references. *Sundance, Inc.*, 550 F.3d at 1364-1365. The court in *Sundance* found that the patent lawyer who was offered up as an expert to opine on issues of patent non-infringement and invalidity relating to a patent claim for a retractable segmented covering system for a truck was unqualified to serve as an expert because he had no experience or skills in the field of covers, tarps, trucks, or mechanics. *Id.* at 1358-1359, 1362-1365. The *Sundance* court noted that testimony proffered by a witness lacking the relevant technical expertise fails the standard of admissibility under Fed. R. Evid. 702. *Id.* at 1363. Where an issue calls for consideration of evidence from the perspective of one of ordinary skill in the art, it is contradictory to Rule 702 to allow a witness to testify on the issue who is not qualified as a technical expert in that art. *Id.*

Lacking the relevant technical expertise, the *Sundance* court found that the proffered expert's testimony lacked relevancy and reliability and would thus not be of assistance to the court or the jury on the technical aspects of the case. *Id.* at 1364. "The court, in its role as

gatekeeper, must exclude expert testimony that is not reliable and not specialized, and which invades the province of the jury to find facts and that of the court to make ultimate legal conclusions. Allowing a patent law expert without any technical expertise to testify on the issues of infringement and validity amounts to nothing more than advocacy from the witness stand." *Id.* at 1364-1365.

Bagley admits that issues of validity/invalidity and infringement/non-infringement are legal issues that are the province of the court to decide, not an expert witness. (**Exh. B**, Bagley Depo. at 5:24-7:7).

### D. Bagley is An Attorney, Not An Expert, And His Testimony Will Not Assist the Jury

Those portions of Bagley's Rebuttal Report that are nothing more than Bagley, a lawyer, offering his legal analysis and legal conclusions regarding (a) the ordinary observer (b) prior art (c) a comparison of Plaintiff and Ja-Ru's chalk holders when compared to the patent-in-suit, (d) obviousness; (e) functionality; and (f) copyright issues should be excluded and Bagley should be precluded from testifying as to these issues. Bagley's proffered opinions on these issues are not expert opinions, but rather legal analysis of a lawyer.

### E. Bagley's Is Unqualified To Serve As An Expert Because He Lacks Ordinary Skill In The Art

Those portions of Bagley's Rebuttal Report in which Bagley opines as to the ultimate legal conclusions of validity/invalidity and infringement/non-infringement, should be excluded, and Bagley should be excluded from testifying on these ultimate legal conclusions, because he lacks ordinary skill in the pertinent art of design, including without limitation the

design of toys, chalk holders, and/or writing implements. Bagley does not purport to have any such relevant expertise (**Exh. A,** Bagley Rebuttal Report).

Bagley is nothing more than a patent lawyer of Plaintiff lacking expertise in the relevant art, and as such he is unqualified to opine on the ultimate issues of validity and infringement of the design patent-in-suit. Bagley's non-expert factual and legal conclusions will not assist the jury and are thus inadmissible. Bagley admits that ultimate questions of law, such as validity/invalidity and infringement/non-infringement, are legal issues for the court to decide. (Bagley Depo. at 5:24-7:7)

### F. The Opinions In The Bagley Rebuttal Report Are Unreliable, Irrelevant, And Would Not Assist The Jury

In light of Bagley's lack of any ordinary skill in the pertinent art of design, including for toys or chalk holders, his legal analysis and conclusions are irrelevant, unreliable, and would not assist the jury in understanding the issues. *Sundance, Inc.*, 550 F.3d at 1364-1365; *MDS (Can.), Inc.*, 720 F.3d at 849 n.2. Accordingly, Bagley's purported opinions in his Rebuttal Report and any proffered testimony by him are inadmissible under Rules 401 and 402. For this same reason, any probative value Bagley's opinions do have are substantially outweighed by the danger of unfairly prejudicing Defendants and misleading the jury. Fed.R.Civ.P. 402, 403.

### Rule 3.01(g) Certification

The undersigned counsel for Defendants certifies they have conferred in good faith with counsel for Plaintiff regarding the relief requested in this Motion, in an effort to resolve the dispute without Court action, and counsel for Plaintiff opposes the relief requested in this Motion.

## IV. CONCLUSION

Based on the foregoing reasons and authorities, Defendants respectfully request that the Court grant its Daubert Motion and issue an order excluding Bagley as an expert and excluding his Rebuttal Report, and Bagley's testimony for all purposes.

Dated this 31st day of July, 2017

**LEWIS ANTEN, P.C.**

s/ Lewis Anten
Lewis Anten, Esq.
Lewisanten@aol.com
Ivy Mara Choderker, Esq.
ivychods@aol.com
16830 Ventura Boulevard, Suite 236
Encino, CA 91436
*Admitted Pro Hac Vice*

and

**HOLLAND & KNIGHT LLP**

Frederick D. Page, FBN 968587
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202
(904) 353-2000
(904) 358-1872 (fax)
fred.page@hklaw.com

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 31st day of July 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will serve an electronic notice of electronic filing to the following counsel of record on the Service List below:

**Service List**

| | |
|---|---|
| Richard P. Sybert<br>rsybert@gordonrees.com<br>Holly Heffner<br>hheffner@gordonrees.com<br>GORDON & REES LLP<br>101 West Broadway, Suite 2000<br>San Diego, California 92101<br>Counsel for Plaintiff Lanard Toys Limited<br><br>Robin Taylor Symons<br>rsymons@gordonrees.com<br>Eric R. Thompson<br>ethompson@gordonrees.com<br>GORDON & REES LLP<br>Southeast Financial Center<br>200 S. Biscayne Boulevard, Suite 4300<br>Miami, FL  33131<br>Counsel for Plaintiff Lanard Toys Limited | Reid E. Dammann<br>rdammann@grsm.com<br>Karen Curtis<br>kcurtis@grsm.com<br>GORDON & REES LLP<br>633 West Fifth Street, Suite 5200<br>Los Angeles, California 90071<br>Counsel for Plaintiff Lanard Toys Limited |

                                              s/ Lewis Anten
                                              Attorney