United States District Court
Middle District of Florida
Jacksonville Division

**LANARD TOYS LIMITED,**

    *Plaintiff,*

v.                                                   No. 3:15-cv-849-J-34PDB

**DOLGENCORP LLC ETC.,**

    *Defendants.*

# Order

Before the Court is Lanard Toys Limited's motion to compel better responses to interrogatory 25 and requests for production 58 and 63 to Dolgencorp LLC, and requests for production 51 through 53 to Toys "R" Us-Delaware, Inc. ("TRU"), and for expenses incurred in bringing the motion.* Doc. 288. The defendants oppose the motion. Doc. 295. The Court heard argument on the motion. Doc. 308. Applicable law is in the Court's January 21 and February 26, 2016, orders. Docs. 153, 163.

In interrogatory 25 to Dolgencorp, Lanard asks Dolgencorp to "identify and DESCRIBE all chalk pencils distributed by YOU other than the LANARD CHALK PENCIL and the DOLGENCORP PRODUCT, including, but not limited to: a) the identity of the manufacturer of such pencils; b) the dates YOU distributed such pencils; and c) total amount of sales by YOU of such pencils." Doc. 288 at 3 (emphasis in original). Dolgencorp contends the interrogatory seeks information that is irrelevant and disproportionate to the needs of the action and would cause undue burden. Doc. 288 at 3.

---

*Lanard also sought a better response to request for production 60 to Dolgencorp. *See* Doc. 288 at 8–9. The parties resolved that dispute. *See* Doc. 295 at 9.

During oral argument, Lanard's counsel stated he had no specific knowledge of other chalk pencils distributed by Dolgencorp but surmised there could be others from Dolgencorp's failure to answer "none." Dolgencorp's counsel explained he had understood the interrogatory to encompass any writing implement that uses chalk and not just any outdoor chalk holder made to look like a No. 2 pencil and represented Dolgencorp has distributed nothing akin to the latter beyond the product at issue.

On interrogatory 25 to Dolgencorp, the Court **denies** the motion to compel. Lanard has not shown that any writing implement that uses chalk (beyond a product akin to an outdoor chalk holder made to look like a No. 2 pencil) is relevant, and counsel was unable articulate a narrower interrogatory at oral argument.

In request for production 58 to Dolgencorp, Lanard seeks "[a]ll internal DOCUMENTS AND COMMUNICATIONS that RELATE TO the termination of Kenneth Marshall's employment with YOU." Doc. 288 at 7 (emphasis in original). Lanard argues responsive documents and communications may be "evidence of TRU's pattern and practice of infringing conduct" and may provide impeachment material. Doc. 288 at 8. Dolgencorp contends the request seeks documents and communications that are irrelevant. Doc. 288 at 8. Dolgencorp argues, "This is [a] fishing expedition through confidential employee records without any need. Plaintiff's [counsel] took the deposition of Mr. Marshall and had the opportunity to ask him any questions they wished. Plaintiff also took the depositions of Dolgencorp and had the opportunity to ask questions about Mr. Marshall's termination." Doc. 295 at 9.

During oral argument, Lanard's counsel explained Marshall had been heavily involved in the relationship between Dolgencorp and Lanard and had implied during his deposition that something about his termination was amiss.

On request for production 58 to Dolgencorp, the Court **denies** the motion to compel. Lanard has not shown that any documents and communications concerning Marshall's termination are relevant. This action was initiated in March 2014, and

Dolgencorp terminated Marshall more than two-and-a-half years later in November 2016. *See* Doc. 1; Doc. 294 at 11. Marshall testified during his deposition that he had been fired for performance reasons a month after initiation of a performance improvement plan, he could not recall the particular criticisms of his performance, and he had not been given an exit interview. Doc. 294 at 11−13. Neither the timing of the termination nor the content of the testimony suggests the termination had anything to do with this action or the relationship between Dolgencorp and Lanard. Despite substantial discovery, Lanard presents nothing more to show relevancy.

In request for production 63 to Dolgencorp, Lanard seeks "ALL DOCUMENTS AND COMMUNICATIONS that RELATE TO Eric Hedberg's direction to Kenneth Marshall to bring him new items, as testified by Mr. Marshall during his April 20, 2017 deposition[.]" Doc. 288 at 10 (emphasis in original). Lanard contends it "is entitled to discover whether the direction to bring new items impacted Defendants' decision to cease carrying Plaintiffs' products at issue[.]" Doc. 288 at 10. Dolgencorp contends the request is vague and indefinite. Doc. 288 at 10.

At oral argument, Lanard's counsel pointed to Marshall's deposition testimony about a June 2013 email that mentioned dropping Lanard products for "fresh" or "new" items and suggested that the testimony could be construed as an instruction to replace Lanard's products with infringing products. *See* Doc. 294 at 14–15. Dolgencorp's counsel observed that the email was to a Lanard representative—not to Marshall.

On request for production 63 to Dolgencorp, the Court **grants** the motion in part. By **September 30, 2017**, Dolgencorp must produce any 2013 communications not privileged, not protected, and not already produced between Hedberg and Marshall about replacing Lanard's products. Tailoring in that manner addresses Dolgencorp's concern about vagueness and indefiniteness.

3

In request for production 51 to TRU, Lanard seeks "ALL internal DOCUMENTS AND COMMUNICATIONS that RELATE TO the prior lawsuit between YOU and LANARD styled *Lanard Toys Limited v. Toys "R" Us, Inc. et al.* Case No. 14-4-56-JLL-JAD, filed in the United States District Court for the District of New Jersey." Doc. 288 at 4 (emphasis in original). Lanard contends responsive documents and communications may show willfulness through a pattern and practice of infringement and TRU should have produced a privilege log. Doc. 288 at 5, 6.

TRU contends the request seeks documents and communications that are irrelevant, disproportionate to the needs of the action, and privileged, and Lanard seeks them just to harass and annoy TRU. Doc. 288 at 4–5. TRU argues the New Jersey action involved a dissimilar product and dissimilar issues; the New Jersey action was resolved as a business decision unrelated to the merits; the documents and communications amount to inadmissible character evidence; Lanard's theory risks litigation of the merits of an unrelated action; the New Jersey action was filed after this action; and Lanard already possesses documents (the complaint and settlement agreement) from the New Jersey action. Doc. 295 at 4–7.

At oral argument, Lanard's counsel explained the New Jersey action had been an infringement action concerning a foam-dart gun. He clarified Lanard seeks internal documents and communications about TRU's involvement with a potentially infringing product to show a pattern or practice and TRU's procedure for handling infringement claims but does not seek any in which a lawyer had been involved. TRU's counsel responded the New Jersey action does not establish a relevant practice because it involved no pre-suit demand and one incident does not establish a pattern. He added the parties had informally agreed to dispense with privilege logs, and producing one for this request would be very burdensome.

On request for production 51 to TRU, the Court **grants** the motion in part. To the extent the request requires TRU to search all internal communications of all employees for anything relating to the foam-dart gun, the request is overly broad,

unduly burdensome, and disproportionate to the needs of the action. Tailoring the request to address those problems but still provide Lanard with evidence concerning TRU's handling of infringement claims, by **September 30, 2017**, TRU must produce any communications by or between TRU employees involved in the New Jersey action that are not privileged, not protected, and not already produced that discuss the New Jersey action. In the interest of proportionality and in light of the limitation by Lanard's counsel that Lanard does not seek documents and communications in which a lawyer was involved, any privilege log may be categorical for each lawyer, with dates and other specifics omitted, for documents and communications in which a lawyer was involved.

In requests for production 52 and 53 to TRU, Lanard seeks "ALL internal DOCUMENTS AND COMMUNICATIONS that RELATE TO the tool bench purchased by YOU in or around 2010 from Manley Toys Ltd." and "ALL internal DOCUMENTS AND COMMUNICATIONS that RELATE TO the tool bench supplied by YOU for promotional purposes by LANARD in 2009." Doc. 288 at 6 (emphasis in original). Lanard contends the information is relevant for the same reason information relating to the New Jersey action is relevant. Doc. 288 at 7. TRU contends the request seeks documents and communications that are irrelevant, disproportionate to the needs of the action, and privileged, and Lanard seeks them just to harass and annoy TRU. Doc. 288 at 6. TRU explains the tool bench was not the subject of any intellectual-property dispute or lawsuit as claimed by Lanard; Lanard does not contend it had intellectual-property rights in the tool bench; and a single isolated incident from at least seven years ago does not establish a pattern. Doc. 295 at 7–8.

At oral argument, Lanard's counsel explained Lanard has an intellectual-property interest in its tool bench but there has been no lawsuit involving that interest. TRU's counsel explained the tool bench was merely a display for toys.

On requests for production 52 and 53 to TRU, the Court **denies** the motion. Absent details about the tool bench or the nature of any dispute concerning the tool bench, Lanard has not shown relevancy.

Because the motion to compel is granted only in part, and finding the positions taken by the defendants as stated in their response substantially justified, the Court **denies** Lanard's request for an award of expenses in bringing the motion to compel.

**Ordered** in Jacksonville, Florida, on August 29, 2017.



Patricia D. Barksdale
*United States Magistrate Judge*

c: Counsel of record