**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LANARD TOYS LIMITED,

    Plaintiff,

v.                                                Case No. 3:15-cv-849-J-34PDB

TOYS "R" US-DELAWARE, INC.,
DOLGENCORP LLC and JA-RU, INC.,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** comes before the Court on the question of whether this action should be stayed with respect to non-debtor defendants Dolgencorp LLC (Dolgencorp) and Ja-Ru, Inc. (Ja-Ru). On September 19, 2017, Ja-Ru filed Defendant's Suggestion of Bankruptcy for Toys "R" Us-Delaware, Inc. (Doc. 384; Suggestion), advising the Court that Defendant Toys "R" Us-Delaware, Inc. (TRU) has filed a bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Virginia. See Suggestion at 1. In light of this, Ja-Ru asserted that all deadlines in this action should be vacated and the trial rescheduled. Id. On September 19, 2017, Plaintiff Lanard Toys Limited (Lanard) advised the Court of its position that this case could proceed against Dolgencorp and Ja-Ru. See Plaintiff's Notice of Continuation of Case (Doc. 385). In light of the parties' conflicting positions, on September 20, 2017, the Court entered an order directing the parties to file "memoranda on the issue of whether this action should proceed without the bankrupt party or should be stayed in its entirety." See Order (Doc. 386; Briefing Order) at 2. The parties filed briefs in response to the Briefing Order on October 16, 2017. See Ja-Ru and

1

Dolgencorp Brief [sic] on Need [sic] for Stay Due to Bankruptcy Filing of Toys "R" Us-Delaware, Inc. (Doc. 390; Defendants' Brief) and Plaintiff's Memorandum of Law in Support of Continuation of Case as to Defendant's Dolgencorp, LLC and Ja-Ru, Inc. (Doc. 389; Lanard's Brief).  Accordingly, this matter is ripe for review.

I.     **Procedural Background**

This action arises out of Defendants' alleged infringement of Lanard's intellectual property interests in the "Chalk Holder"—"a device that can hold pieces of colored chalk to allow children to draw outdoors." See Second Amended Complaint and Demand for Jury Trial (Doc. 103; Second Amended Complaint) ¶11, 23, 26.  Specifically, Lanard alleges that Ja-Ru created a less expensive version of the Chalk Holder, and that TRU and Dolgencorp opted to sell Ja-Ru's product instead of Lanard's Chalk Holder. Id. ¶¶21, 23-24, 26.

Lanard initiated this action on March 27, 2014 by filing the Complaint and Demand for Trial by Jury (Doc. 1; Complaint) in the United States District Court for the District of New Jersey.  With leave of Court, see Order Granting Joint Motion to Correct Parties and For Lanard to File an Amended Complaint (Doc. 57-2), Lanard filed an amended complaint on June 16, 2014, see Amended Complaint and Demand for Trial by Jury (Doc. 61; Amended Complaint).  On June 16, 2015, the assigned judge from the District of New Jersey transferred the action to this Court. See Opinion and Order on Defendants' Motion to Transfer Venue (Doc. 92).

With leave of Court, see Order (Doc. 97), Lanard filed the Second Amended Complaint on August 10, 2015, and asserted claims for copyright infringement, see Second Amended Complaint ¶¶35-39, patent infringement, id. ¶¶40-47, trade dress infringement,

id. ¶¶48-53, and common law unfair competition, id. ¶¶54-59. Lanard brought each claim against all Defendants. Id. ¶¶35-59. Although Defendants filed separate answers, they each asserted identical counterclaims against Lanard seeking declarations regarding the invalidity of Lanard's copyright registration, patent, and trade dress, and the lack of unfair competition. See Answer, Affirmative Defenses, and Counterclaim to Second Amended Complaint, and Demand for Jury Trial, of Defendant Dolgencorp, LLC (Doc. 110; Dolgencorp's Answer) at 13-19; Answer, Affirmative Defenses and Counterclaim to Second Amended Complaint, and Demand for Jury Trial, of Defendant Ja-Ru, Inc. (Doc. 111; Ja-Ru's Answer) at 11-16; and Answer, Affirmative Defenses, and Counterclaim to Second Amended Complaint, and Demand for Jury Trial, of Defendant Toys 'R' Us-Delaware, Inc. (Doc. 112; TRU's Answer) at 13-18.

On October 15, 2015, the Court entered the Case Management and Scheduling Order and Referral to Mediation (Doc. 127; Scheduling Order), setting this case for the January 3, 2017 trial term. However, on March 1, 2016, the Court vacated the Scheduling Order and stayed this action "pending a decision on an anticipated motion to disqualify counsel." See Order (Doc. 167). The Court lifted the stay on December 16, 2016. See Order (Doc. 202). On January 30, 2017, the Court entered the Amended Case Management and Scheduling Order (Doc. 210; Amended Scheduling Order), setting the case for the December 4, 2017 trial term, a July 7, 2017 discovery deadline, and a July 24, 2017 deadline to file dispositive and Daubert Motions. Id.

On July 24, 2017, Lanard filed Plaintiff's Motion for Partial Summary Judgment (Doc. 299; Lanard's SJ Motion), and Defendants jointly filed Defendants' Dispositive Motion for Summary Judgment and Memorandum of Law in Support (Doc. 302; Defendants' SJ

Motion). The parties filed their respective responses to the motions on August 7, 2017. See Defendants Toys "R" Us-Delaware, Inc., Dolgencorp, LLC and Ja-Ru, Inc.'s Response in Opposition to Plaintiff Lanard Toys Limited's Motion for Partial Summary Judgment (Doc. 320; Defendants' SJ Response) and Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment (Doc. 321; Lanard's SJ Response).[1] With leave of Court, see Order (Doc. 369), Lanard filed a reply brief, see Plaintiff Lanard Toys Limited's Response in Reply to Defendants' Response in Opposition to Plaintiff's Motion for Partial Summary Judgment (Doc. 382; Lanard's SJ Reply).

In addition to the cross-motions for summary judgment, the parties have filed numerous other motions, which are pending before the Court. Defendants jointly filed, and Lanard responded to, the following motions:

- Defendants' Daubert Motion to Exclude Parker H. Bagley as an Expert and to Exclude His Rebuttal Expert Report and Testimony for All Purposes (Doc. 309);
  - Plaintiff's Response in Opposition to Defendants' Daubert Motion to Exclude Parker H. Bagley as an Expert and to Exclude His Rebuttal Expert Report and Testimony for All Purposes (Doc. 332);
- Defendants' Daubert Motion to Disqualify Robert John Anders and Preclude Testimony (Doc. 314);
  - Plaintiff Lanard Toys Limited's Response in Opposition to Defendants' Daubert Motion to Disqualify Robert John Anders and Preclude Testimony (Doc. 329);
- Defendants' Daubert Motion to Exclude Larry B. Myer as an Expert, Exclude His Initial and Rebuttal Expert Reports and Testimony for All Purposes, or Alternatively Motion to Strike New Materials and Opinions in Rebuttal Report (Doc. 315);

---

[1] The parties filed their motions under seal with leave of Court. See Order (Doc. 307).

4

- o Plaintiff's Response in Opposition to Defendants' <u>Daubert</u> Motion to Exclude Larry B. Myer as an Expert, and His Initial and Rebuttal Expert Reports and Testimony, and Motion to Strike (Doc. 334);

- Defendants' <u>Daubert</u> Motion to Exclude William Kerr's Expert Report and Reply Expert Report and to Exclude Testimony for All Purposes, or Alternatively to Strike New Materials and Opinions in Reply Report; Memorandum of Law (Doc. 316; Motion to Exclude Kerr);

  - o Plaintiff Lanard Toys Limited's Opposition to Defendants' Daubert Motion to Exclude William Kerr's Expert Report and Reply Expert Report and to Exclude Testimony for All Purposes, or Alternatively to Strike New Materials and Opinions in Reply Report (Doc. 335);[2]

- Defendants' Unopposed Motion to Maintain Under Seal Certain (1) Deposition Transcripts and Deposition Exhibits, or Portions Thereof; and (2) Exhibits, Declarations and/or Briefs, or Portions Thereof, Filed Under Seal or Provisionally Under Seal in Support of the Parties' Summary Judgment Motions and Oppositions and Daubert Motions and Oppositions (Doc. 375);

- Defendants' Motion for Sanctions (Doc. 377); and

  - o Plaintiff Lanard Toys Limited's Response in Opposition to Defendants' Motion for Sanctions (Doc. 383).

Lanard also filed a series of <u>Daubert</u> Motions, to which Defendants have jointly responded, as follows:

- Plaintiff's Motion to (1) Strike the Supplemental Report of Ronald B. Kemnitzer as Untimely; and (2) Exclude the Opinions and Testimony of the Defendants' Purported Expert Ronald B. Kemnitzer (Doc. 310);

  - o Defendants' Response in Opposition to Plaintiff Lanard Toys Limited's Motion (1) to Strike the Supplemental Report of Ronald B. Kemnitzer as Untimely; and (2) to Exclude the Opinions and Testimony of Ronald B. Kemnitzer (Doc. 336);

---

[2]     Defendants have sought leave to file this motion under seal.  <u>See</u> Defendants' Unopposed Motion to Maintain Under Seal Certain (1) Deposition Transcripts and Deposition Exhibits, or Portions Thereof; and (2) Exhibits, Declarations and/or Briefs, or Portions Thereof, Filed Under Seal or Provisionally Under Seal in Support of the Parties' Summary Judgment Motions and Oppositions and Daubert Motions and Oppositions (Doc. 375; Seal Motion).  The Court has yet to rule on the Seal Motion.

- Plaintiff Lanard Toys Limited's Motion to Exclude the Opinions and Testimony of the Defendants' Purported Expert Michael J. Mard, CPA (Doc. 312; Motion to Exclude Mard);[3]

    o Defendants' Response in Opposition to Plaintiff Lanard Toys Limited's Motion to Exclude the Opinion and Testimony of Michael J. Mard (Doc. 333);

- Plaintiff Lanard Toys Limited's Motion to Exclude the Opinions and Testimony of Deborah Ryan (Doc. 313);[4]

    o Defendants' Response in Opposition to Plaintiff Lanard Toys Limited's Motion to Exclude the Opinion and Testimony of Deborah Ryan (Doc. 331);

- Plaintiff's Motion to Maintain Confidentiality (Doc. 374); and

    o Defendants' Response in Opposition to Plaintiff's Motion to Maintain Confidentiality (Doc. 381).

On October 2, 2017, Ja-Ru and Dolgencorp (collectively, the Remaining Defendants) filed Defendants' Motion to Modify the Scheduling Order (Doc. 387; Motion to Modify). The Court granted the Motion to Modify, in part, on October 4, 2017, and set this action for the trial term beginning on April 2, 2018. See Order (Doc. 388) at 2.

On October 6, 2017, Lanard filed a motion in the Bankruptcy Court seeking relief from the automatic stay to continue prosecuting this action against TRU. See Motion for Relief from Stay Pursuant to 11 U.S.C. § 362(d) to Continue Pending Litigation (Doc. 390-1; Motion for Relief from Stay). Although the Remaining Defendants "do not know at this time when this Motion will be resolved by the bankruptcy court," see Defendants' Brief at 1 n.1, Plaintiff represents that it "expects a ruling in three to four weeks" from October 16, 2017, see Lanard's Brief at 5.

---

[3] Lanard filed this motion under seal with leave of Court. See Order (Doc. 372; Seal Order).

[4] Lanard filed this motion under seal with leave of Court. See Seal Order.

6

**II. Discussion**

Title 11 U.S.C. § 362 provides that:

> a petition filed under section 301, 302, or 303 of this title, . . . operates as a stay, applicable to all entities, of the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

"'Although the scope of the automatic stay is broad, the clear language of section 362(a) stays actions only against a 'debtor.'" Chi. Title Ins. Co. v. Lerner, 435 B.R. 732, 735 (S.D. Fla. 2010) (quoting McCartney v. Integra Nat'l Bank N., 106 F.3d 506, 509 (3d Cir. 1997)); see also Am. Prairie Constr. Co. v. Hoich, 560 F.3d 780, 789 (8th Cir. 2009) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."); In re TXNB Internal Case, 483 F.3d 292, 301 (5th Cir. 2007); Lynch v. Johns-Mansville Sales Corp., 710 F.2d 1194, 1197 (6th Cir. 1983); Pitts v. Unarco Industr., Inc., 698 F.2d 313, 314 (7th Cir. 1983). However, the protections of the automatic stay may be extended to enjoin litigation against non-bankrupt co-defendants of the debtor in "unusual circumstances," such as "when there is such identity between the debtor and the third-party defendant . . . that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." Kreisler v. Goldberg, 478 F.3d 209, 213 (4th Cir. 2007) (citing A.H. Robbins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986)); In re Colonial BancGroup, Inc. Sec. Litig., No. 2:09cv104-MHT, 2010 WL 119290, at *1 (M.D. Ala. Jan. 7, 2010); In re Sunbeam Sec. Litig., 261 B.R. 534, 536-37 (S.D. Fla. 2001). This can occur when a non-debtor defendant "'is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case,'" Kreisler,

478 F.3d at 213 (citation omitted); Lerner, 435 B.R. at 735-36, "where suit against a third-party defendant sought 'possession or [ ] control over property of the debtor,'" Sunbeam Sec. Litig., 261 B.R. at 536 (citing A.H. Robbins, 788 F.2d at 1001), "where stay protection was deemed essential to the debtor's efforts of reorganization," id. at 536-37, and where the debtor is at risk of being collaterally estopped in subsequent suits, In re Fiddler's Creek, LLC, No. 9:10-bk-3846-ALP, 2010 WL 6618876, at **2-3 (M.D. Fla. Sept. 15, 2010).

The Court finds that the "unusual circumstances" doctrine does not apply here. In Defendants' Brief, the Remaining Defendants improperly assert that Abrams v. Integrated Pro Servs., LLC, No. CV 07-8426, 2015 WL 7458604 (E.D. La. Nov. 24, 2015) suggests that the Court should extend the automatic stay because Lanard's allegations against the Remaining Defendants and TRU "are so intertwined that severance is inappropriate." See Defendants' Brief at 3 n.7 (citing Abrams, 2015 WL 7458604 at *4). However, in Abrams, the court stayed the action against the non-debtor defendants pursuant to its inherent authority, and not under § 362. See Abrams, 2015 WL 7458604 at *4. Nevertheless, the Remaining Defendants also argue that the Court should exercise its inherent authority to stay this action—at least until the bankruptcy court has decided Lanard's Motion for Relief from Stay. See Defendants' Brief at 3-5. Specifically, Ja-Ru and Dolgencorp argue that severing the claims by and against TRU from this action "would raise the usual concerns about piecemeal litigation with duplicative proceedings and increased utilization of judicial and party resources guaranteed and inconsistent results possible." Id. at 4. Lanard, on the other hand, asserts that the Court should allow this case to proceed against the Remaining Defendants despite the automatic stay against TRU. See Lanard's Brief at 8-9. Lanard argues that staying this action in its entirety would interfere with its "right to an

expeditious trial of its claims," and "the countervailing interest of this Court . . . to proceed with its docket." Id. at 8.

As explained by the Supreme Court:

> the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936). "A stay of proceedings . . . is based on a balancing test in which the movant bears the burden of showing either 'a clear case of hardship or inequity' if the case proceeds, or little possibility the stay will harm others." Dunn v. Air Line Pilots Ass'n, 836 F. Supp. 1574, 1584 (S.D. Fla. 1993). "[C]ourts examine general factors such as whether a stay will unduly prejudice or tactically disadvantage the non-moving party; simplify the issues and streamline trial; and reduce the burden of litigation on the parties and on the court." Brent v. Source Interlink Distribution, LLC, No. 2:14-cv-52-FtM-38DNF, 2014 WL 4162770, at *2 (M.D. Fla. Aug. 21, 2014). Notably, "[a] district court's inherent power to stay proceedings is not mitigated or obviated by § 362(a)." Gulfmark Offshore, Inc. v. Bender Shipbuilding & Repair Co., No. 09-249-WS-N, 2009 WL 2413664, at *3 n.6 (S.D. Ala. Aug. 3, 2009) (citing Kreisler, 478 F.3d at 215).

The Court concludes that on balance, the interests of the parties as well as the Court are best served by staying this action. In the Second Amended Complaint, Lanard asserts each of its four claims against all Defendants without specifying the basis for each Defendant's liability. See Second Amended Complaint ¶¶35-59; see also Peterson v. Avantair, Inc., No. 8:13-cv-1683-T-33EAJ, 2013 WL 4506414, at *2 (M.D. Fla. Aug. 23, 2013) (granting a stay where "the operative complaint 'contain[ed] no separate count

9

against the Individual Defendants and d[id] not seek any separate relief from the Individual Defendants.'") (citation omitted). Although Defendants filed separate answers, they asserted identical counterclaims against Lanard seeking declarations regarding the invalidity of Lanard's patent, copyright registration, and trade dress, as well as the lack of unfair competition. See Dolgencorp's Answer at 13-19; Ja-Ru's Answer at 11-16; and TRU's Answer at 13-18. Accordingly, a stay of this action is appropriate to avoid piecemeal litigations, as all claims and counter-claims "are comprised of common questions of law and fact more suitably resolved in a single proceeding." Peterson, 2013 WL 4506414 at *2.

Notably, the eleven motions currently pending before the Court also involve common questions of law and fact. In the cross-motions for summary judgment, the parties argue extensively over the validity of Lanard's patent and copyright registration, and whether Ja-Ru's product infringed Lanard's rights. See generally Lanard's SJ Motion and Defendants' SJ Motion. Although Lanard asserts that "Dolgencorp and Ja-Ru have separate and independent liability for their separate and independent infringements of Plaintiff's intellectual property rights in the Chalk Pencil," see Lanard's Brief at 5, the issues raised in the cross-motions for summary judgment involve common questions of law and fact. Indeed, the parties focus on the threshold issues of Lanard's rights in the Chalk Holder design and whether Ja-Ru's product infringes those rights. The expert opinions in dispute in the pending Daubert motions also involve questions of law and fact common to all Defendants.[5]

---

[5] Although William Kerr separately analyzed the damages caused by TRU and Dolgencorp, see Motion to Exclude Kerr, Ex. A: Expert Report on Economic Damages by William O. Kerr, Ph.D (Kerr Report) at 13-16, Defendants seek to exclude the Kerr Report based on flaws in Kerr's methodology which apply equally to his analysis of the damages caused by both parties, see generally Motion to Exclude Kerr.

10

Ultimately, "[i]f the Court were to permit [Lanard] to proceed against [the Remaining Defendants] now, it would risk wasting judicial resources and inconsistent judgments against these parties." SCI Northbay Commerce Fund 4, LLC v. SCI Real Estate Investments, No. 8:11-cv-31-T-24-TGW, 2011 WL 1133898, at *1 (M.D. Fla. Mar. 28, 2011).

> Such an approach would be extraordinarily inefficient, setting the stage for duplicative trials on closely related claims against closely related defendants. Much of the evidence relating to both sets of claims would be identical. Redundancies of effort on the part of litigants and the Court would be large and inevitable, and litigation costs for both sides would be increased substantially.

Gulfmark Offshore, 2009 WL 2413664 at *3. Although Lanard asserts that a stay would jeopardize "its right to an expeditious trial of its claim," see Lanard's Brief at 8, a delay to obtain judgment "is not a sufficiently compelling form of prejudice to outweigh the countervailing considerations set forth herein." Id.; cf. Lynch, 710 F.2d at 1199 (declining to exercise its inherent authority to stay an asbestos case where "'plaintiffs and crucial witnesses [we]re dying.'"); Brent, 2014 WL 4162770 at *3 (denying a motion to stay where the plaintiff would have been "tactfully disadvantage[d]."). On the contrary, a stay would appear to work to Lanard's benefit "in the form of increased efficiency, less duplication of effort, lower litigation costs, and less risk of inconsistent judgments." Gulfmark Offshore, 2009 WL 2413664 at *3 n.7.

For all of the foregoing reasons, this action is due to be stayed pursuant to the inherent powers of the Court pending resolution of the bankruptcy proceedings against TRU. However, if the bankruptcy court grants Lanard's Motion for Relief from Stay, then Lanard may file a motion to lift the stay. Accordingly, it is hereby **ORDERED:**

1. This case is hereby **STAYED** and **ADMINISTRATIVELY CLOSED** pending the earlier of the resolution of the bankruptcy proceedings against Toys "R" Us-Delaware, Inc., or entry of an order granting Lanard's Motion for Relief from Stay Pursuant to 11 U.S.C. § 362(d) to Continue Pending Litigation ([Doc. 390-1](Doc. 390-1)).

2. Every **120** days following the date of this Order, the parties shall file a joint status report concerning the bankruptcy proceedings involving Defendant Toys "R" Us-Delaware, Inc., as those proceedings relate to this action.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of November, 2017.

MARCIA MORALES HOWARD
United States District Judge

lc25
Copies to:
Counsel of Record