**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LANARD TOYS LIMITED,

    Plaintiff,

v.                                             Case No. 3:15-cv-00849-MMH-PDB

TOYS "R" US–DELAWARE, INC.,
DOLGENCORP, LLC, and JA-RU, INC.,

    Defendants.

_____/

## DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S NOTICES OF SUPPLEMENTAL AUTHORITY

Defendants/Counterclaimants Toys "R" Us-Delaware, Inc., Dolgencorp, LLC, and Ja-Ru, Inc. (collectively, "Defendants"), hereby move to strike Plaintiff's Notices of Supplemental Authority filed on July 30, 2018 (D.E. # 410, 411, 412). In what has become a dubious pattern in this case, Plaintiff has again violated the instructions of this Court, this time by including arguments with its Notices despite clear instructions prohibiting such arguments.

As the Court is no doubt well aware, Defendants have filed multiple motions directed at Plaintiff's numerous violations of discovery rules, the Court's orders and even the ethical rules during this case. Some (but not all) of Plaintiff's misconduct is detailed Defendants' pending Amended Motion for Sanctions (D.E. # 406, 406-1-12), which relates to Plaintiff's repeated violations of the parties' Stipulated Protective Order for Confidential Information and/or Trade Secrets. Plaintiff's responses to Defendant's motions and complaints on these

1

issues has been to usually admit the violation, claim it was innocent, argue no real harm and accuse Defendant of trying to manufacture disputes.  Plaintiff is now up to its old tricks again.

During the hearing on April 25, 2018, the Court stated that the parties could submit supplemental authorities, if necessary, by August 1, 2018, in support of their motions for summary judgment and their *Daubert* motions. (D.E. #404, 409).  The Court instructed the parties to only list cases decided after the filing of the motions and to not include any additional briefing or argument of any nature.

Accordingly, pursuant to the Court's instructions, Defendants simply listed its supplemental case authority, without including any notation or argument, in their Notice of Supplemental Authority filed on August 1, 2018. (D.E. # 413).

Contrary to the Court's instructions, Plaintiff did not simply list supplemental authority in the Notices of Supplemental Authority it filed on July 30, 2018.  Rather, Plaintiff included notations and arguments in its Notices, some of which are misleading (D.E. #410, 411, 412).  Plaintiff's excuse was to again claim inadvertence—it did not recall the Court's instructions during the hearing to simply list any cases—and suggest the issue could be handled informally with a call to the Court.[1]  Defendants are tired of Plaintiff's excuses for its disregard of the rules and orders that are supposed to govern this case for both parties.  At this time, Plaintiff's repeated improper conduct cannot be chalked up to mere neglect.  Defendants accordingly object – again – to Plaintiff's disregard of the Court's instructions,

---

1  As Defendants' counsel explained to Plaintiff's counsel, if this were their first violation, then a call may have been an appropriate means to resolve this issue.  This is not the first violation, however, not even close to it.  Both parties should be required to play by the same rules, but that is not happening in this case.

orders and rules and ask the Court to strike Plaintiff's Notices (D.E. #410, 411, 412) and sanction Plaintiff for its continuing pattern of ignoring the rules and orders in this action.[2]  It has become abundantly clear that unless the Court takes a hard line against this ongoing conduct by Plaintiff's counsel, it will continue.

Alternatively, Defendants respectfully request that the Court permit Defendants an opportunity to respond to the notations and arguments in Plaintiff's Notices of Supplemental Authority.

## Rule 3.01(g) Certification of Good Faith Conference

Pursuant to Local Rule 3.01(g), the undersigned counsel for Defendants certifies they have conferred in good faith with Plaintiff's counsel in a good faith effort to resolve the issues presented in this Motion, and counsel for Plaintiff has advised the undersigned that Plaintiff opposes the relief requested in this Motion.

Dated this 6th Day of August, 2018

**LEWIS ANTEN, P.C.**
s/ Lewis Anten
Lewis Anten, Esq.
l.anten@antenlaw.com
Ivy Mara Choderker, Esq.
i.choderker@antenlaw.com
16830 Ventura Boulevard, Suite 236
Encino, CA 91436
*Admitted Pro Hac Vice*

And

**HOLLAND & KNIGHT LLP**
Frederick D. Page, FBN 968587
50 North Laura Street, Suite 3900

---

[2] Plaintiff refused to withdraw its noncompliant Notices and file amended Notices of Supplemental Authority without the improper argument prior to this Motion.  (See Exhibit "A")

                                                                Jacksonville, Florida 32202
(904) 353-2000
(904) 358-1872 (fax)
fred.page@hklaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of August 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will serve as an electronic notice of filing to the following counsel of record:

Service List

| | |
|---|---|
| Richard P. Sybert<br>rsybert@grsm.com<br>Holly Heffner<br>hheffner@grsm.com<br>GORDON & REES LLP<br>101 West Broadway, Suite 2000<br>San Diego, California 92101<br><br>Counsel for Plaintiff Lanard Toys Limited<br><br>Robin Taylor Symons<br>rsymons@grsm.com<br>Eric R. Thompson<br>ethompson@grsm.com<br>GORDON & REES LLP<br>Southeast Financial Center<br>200 S. Biscayne Boulevard, Suite 4300<br>Miami, FL  33131<br><br>Counsel for Plaintiff Lanard Toys Limited | Reid E. Dammann<br>rdammann@grsm.com<br>Samuel B. Laughlin<br>slaughlin@grsm.com<br>GORDON & REES LLP<br>633 West Fifth Street, Suite 5200<br>Los Angeles, California 90071<br><br>Counsel for Plaintiff Lanard Toys Limited |

              s/ Lewis Anten
              Attorney