UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| LANARD TOYS LIMITED ,<br>    Plaintiff,<br><br>v.<br><br>TOYS "R" US - DELAWARE, INC.<br>DOLGENCORP, LLC, and JA-RU, INC.,<br>    Defendants. | )<br>)<br>)  Case Number:  3:15-cv-849-J-34PDB<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S NOTICES OF SUPPLEMENTAL AUTHORITY**

Plaintiff, LANARD TOYS LIMITED ("Plaintiff"), by and through its undersigned counsel, hereby files its Response in Opposition to the August 6, 2018 Motion to Strike Plaintiff's Notices of Supplemental Authority (the "Motion to Strike") [D.E. #414] filed by Defendants, Toys "R" Us-Delaware, Inc. ("TRU"), Dolgencorp, LLC ("Dolgencorp"), and Ja-Ru, Inc. ("Ja-Ru") (collectively, the "Defendants"). In support hereof, Plaintiff states as follows:

1.   On April 25, 2018, this Court conducted a status conference, during which the Court scheduled this case for trial[1] and permitted the parties to file, by August 1, 2018, Notices of Supplemental Authority to supplement their various pending motions. [D.E. #403; D.E. #404]. With regard to the Notices of Supplemental Authority, during the April 25, 2018 status conference the Court noted that the Notices should not include argument and, thus, should not constitute additional briefing by the parties (in accordance with local practice).

---

[1] During the April 25, 2018 status conference, this case was set for trial for the trial term commencing February 4, 2019; that trial date was subsequently continued to April 1, 2019. [D.E. #404; D.E. #409].

-1-

**GORDON & REES SCULLY MANSUKHANI**
Miami Tower, 100 S.E. Second Street, Suite 3900, Miami, FL 33131

2. On July 30, 2018, Plaintiff filed the following Notices of Supplemental Authority: a) Notice of Supplemental Authority in Support of Motion for Partial Summary Judgment; b) Notice of Supplemental Authority in Support of Motion to (1) Strike the Supplemental Report of Ronald B. Kemnitzer as Untimely; and (2) Exclude the Opinions and Testimony of the Defendants' Purported Expert Ronald B. Kemnitzer; and, c) Notice of Supplemental Authority in Support of Motion to Exclude the Opinions and Testimony of the Defendants' Purported Expert Michael J. Mard, CPA (collectively, the "Notices").  [D.E. #410; D.E. #411; D.E. #412].

3. In accordance with local practice, and contrary to Defendants' mischaracterization and attempt to prejudice Plaintiff, Plaintiff's Notices do <u>not</u> contain <u>any</u> argument.  Rather, and as is permitted by local practice, Plaintiff simply cites to the applicable cases (under the pertinent heading in the applicable underlying motion, for the Court's ease of reference), including a parenthetical setting for the pertinent holding, which parenthetical consists of a pertinent quote from the cited case, which is standard citation methodology in all jurisdictions

4. On August 1, 2018, the undersigned was contacted by Defendants' counsel. Defendants' counsel falsely asserted that the Plaintiff's Notices include argument and improperly demanded that Plaintiff withdraw its Notices.  [D.E. #414-1].  Upon the undersigned advising Defendants' counsel that the Notices do not contain any argument, Defendants' counsel asserted that it was their "recollection" that the Court forbade the parties from including any parentheticals in the Notices setting forth the pertinent holdings. *Id*.  The undersigned recalls no such directive from the Court, which would be contrary to local practice and to general practice. Moreover, no such directive was contained in the Court's Order permitting the parties to file those Notices. [D.E. #404].  Accordingly, the undersigned repeatedly suggested to Defendants'

counsel that the parties contact the Court in a good faith effort to avoid unnecessary motion practice. *Id*. Defendants' counsel refused to do so.[2] *Id*.

5.  On August 6, 2018, Defendants filed their Motion to Strike. [D.E. #414]. In their Motion, Defendants continue to falsely assert that Plaintiff's Notices include argument (although Defendants now conveniently omit their counsel's prior claim that no parentheticals are permitted).

6.  As is clear from decisions in this District, parties are permitted to include a reference to the holding of the cited case(s) in a Notice of Supplemental Authority. *See Wuenstel v. Liberty Mut. Fire Ins. Co.*, 2013 U.S. Dist. LEXIS 15435, *2 (M.D. Fla. 2013); *see also* Plaintiffs' Notice of Supplemental Authority filed in *Wuenstel v. Liberty Mut. Fire Ins. Co.*, Case No. 5:12-cv-00422-WTH-PRL, attached as **Exhibit A**; *compare City of Bradenton v. Safety Nat'l Cas. Corp.*, 2017 U.S. Dist. LEXIS 86480, *4 (M.D. Fla. 2017) (in which the defendant filed a notice of supplemental authority containing not only a parenthetical setting forth the pertinent holding but also an argument that some of those cases, cited by the plaintiff, were distinguishable from plaintiff's claims, holding that defendant's "attempt to distinguish cases" was improper for a notice of supplemental authority); Defendant, Safety National Casualty Corporation's, Notice of Filing Supplemental Authority filed in *City of Bradenton v. Safety Nat'l Cas. Corp.*, Case No. 8:17-CV-267-T-33-MAP, attached as **Exhibit B**; *Hodges v. Sch. Bd.*, 2012 U.S. Dist. LEXIS 160350, *13 n. 5 (M.D. Fla. 2012); Notice of Supplemental Authority filed in *Hodges v. Sch. Bd.*, Case No. 6:11-CV-135-ORL-35-GJK, attached as **Exhibit C**, ¶6; *Baez v.*

---

[2] In their Motion, Defendants completely mischaracterize these communications, falsely asserting that Plaintiff has admitted that it violated the Court's directives during the April 25, 2018 hearing. Plaintiff has done no such thing.

*LTD Financial Services, L.P.*, 2016 U.S. Dist. LEXIS 9470, *2-4 (M.D. Fla. 2016) (finding that the plaintiff's notice of supplemental authority, which included a case citation with a brief parenthetical setting forth the pertinent holding, a lengthy summary of the facts of that case with quoted excerpts therefrom (comprising over one page), and an argument that the cited decision "supports Plaintiff's [underlying] motion," "goes further" than permitted by local practice)[3]; Plaintiff's Notice of Supplemental Authority filed in *Baez v. LTD Financial Services, L.P.*, Case No. 6:15-cv-1043-Orl-40TBS, attached as **Exhibit D**).

7. As is clear from the above-cited cases, a parenthetical in a notice of supplemental authority briefly setting forth the pertinent holding of the case cited does not constitute impermissible argument. In fact, a notice of supplemental authority that is nothing but a case list without any reference to the pertinent holdings would place upon the Court the additional burden of determining the propositions for which those cases were being cited. Accordingly, Defendants' Motion to Strike should be denied.

8. Moreover, Defendants fail to argue that Plaintiff's Notices cause them to suffer any prejudice, generally a prerequisite to a motion to strike. *Somerset Pharm. Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla. 1996) (noting that motions to strike are "often [] considered 'time wasters,' and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."). Accordingly, Defendants' Motion to Strike should be denied on this additional basis.

---

[3] Ultimately, the Baez Court found that "[n]o reasonable person would believe Plaintiff's improper argument will have any meaningful influence on the Court's decision. Both Plaintiff's unauthorized argument and the motion to strike were therefore, wastes of time. The Court accepts Plaintiff's notice of supplemental authority but will ignore Plaintiff's summation of the authority and argument." *Id.* at 4.

9. If, *arguendo*, the Court were to grant Defendants' Motion to Strike, the Court should permit Plaintiff to file an amended Notice of Supplemental Authority removing any matters that the Court deems improper; or, as common sense would dictate, the Court can merely ignore the parentheticals.

WHEREFORE, Plaintiff, Lanard Toys Limited, respectfully requests that this Court enter an Order denying Defendants' Motion to Strike Plaintiff's Notices of Supplemental Authority, together with such other and further relief as the Court deems just and proper.

Respectfully submitted this 8th day of August, 2018.

*s/ Richard P. Sybert*
Richard P. Sybert
**Admitted *Pro Hac Vice***
**GORDON & REES**
**SCULLY MANSUKHANI**
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124
rsybert@gordonrees.com

**Robin Taylor Symons**
Florida Bar No. 356832
**Eric R. Thompson**
Florida Bar No. 888931
**GORDON & REES**
**SCULLY MANSUKHANI**
Miami Tower
100 S.E. Second Street
Suite 3900
Miami, FL 33131
Telephone: (305) 428-5300
Facsimile: (877) 644-6209
rsymons@gordonrees.com
ethompson@gordonrees.com
*Attorneys for Plaintiff*

-5-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 8, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and that a true and correct copy of the foregoing was served by electronic notice on all counsel or parties of record on the Service List below.

*s/ Eric R. Thompson*
Eric R. Thompson, Esq.

**Service List**
Mr. Frederick D. Page
Holland & Knight
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202
*Counsel for Defendants*

Mr. Lewis Anten
Ms. Ivy Mara Choderker
Lewis Anten, P.C.
16830 Ventura Boulevard, Suite 236
Encino, California 91436
*Counsel for Defendants*