United States District Court
Middle District of Florida
Jacksonville Division

**LANARD TOYS LIMITED,**

    *Plaintiff,*

v.                                              No. 3:15-cv-849-J-34PDB

**DOLGENCORP LLC ETC.,**

    *Defendants.*

## Order

Before the Court is Lanard Toys Limited's motion to maintain documents under seal, Doc. 374, the defendants' response in opposition, Doc. 381, and the defendants' unopposed motion to maintain documents under seal, Doc. 375.

The standards for sealing are in the Court's June 30, 2016, order and incorporated here, Doc. 189 at 1–3, with this addition: "It is immaterial whether the sealing of the record is an integral part of a negotiated settlement between the parties[.]" *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992).

The defendants seek to maintain under seal customer identities, internal cost information, and profit margins. Doc. 375. They have overcome the presumption of public access. The Court previously found a list of companies to whom Ja-Ru sold the Ja-Ru chalk pencil is a trade secret. *See* Doc. 248. The costs and profit margins are not publicly known, and their disclosure could provide a competitive advantage to others. The information concerns no public official or public issue. The defendants have narrowly tailored the requested relief, and no less restrictive alternative appears available. The Court **grants** the defendants' unopposed motion to maintain documents under seal, Doc. 375, to the extent the following information may remain

under seal.[1] As requested by the defendants, the seal will remain in effect until August 31, 2020. The defendants are cautioned that some of the information could be disclosed earlier in orders or at trial.

| Doc. | Description | Page:Line or Bates |
|---|---|---|
| **362 at 3** | Transcript of depo. of Russell Selevan, Vol. II | 136:7, 18, 21<br>137:2, 7, 13–14, 17, 23<br>138:1, 3, 22–24 |
| **362-1 at 1–2** | Transcript of depo. of Russell Selevan, ex. 41 | JR000001–JR000002 |
| **380 at 1–164** | Transcript of depo. of Russell Selevan, ex. 116 | JR000003–JR000163 |
| **363 at 25–26, 29, 33, 35, 37, 40, 41** | Transcript of depo. of Marc Selevan | 95:18, 20, 22<br>96:7–8<br>97:4, 7–8, 10, 14, 17<br>98:1<br>Customer names in word index and transcript |
| **361-2 at 1** | Transcript of depo. of Eric Hedberg, ex. 20 | DG000002 (cost information only) |
| **361-3 at 1** | Transcript of depo. of Eric Hedberg, ex. 32 | DG000055 (cost information only) |
| **364 at 37** | Transcript of depo. of Colleen Cosgrove | 143:12 |
| **364-12 at 1–8** | Transcript of depo. of Colleen Cosgrove, ex. 12 | T000027-T000034 (landed cost information only) |
| **326-6 at 2** | Lanard's motion for summary judgment, ex. L | DG000055 (cost information only) |
| **326-9 at 2–3** | Lanard's motion for summary judgment, ex. V | JR000001–JR000002 |
| **325-3 at 2–3** | Defendants' opposition to Lanard's motion for summary judgment, ex. C to Lewis Anten's declaration | JR000001-JR000002 |
| **327-6 at 2** | Lanard's opposition to defendants' motion for summary judgment, ex. L | DG000055 (cost information only) |
| **319-1 at 46, 47** | Defendants' *Daubert* motion re Kerr, ex. A (exs. 6.1 and 6.2 to report) | |
| **379-3 at 46, 47** | Lanard's opposition to defendants' *Daubert* motion re | |

---

[1]The defendants also ask the Court to seal information that does not appear on the docket: exhibit M-16 to the transcript of the deposition of Kenneth Marshall (DG000002) and customer names in the word index of the deposition Russell Selevan. They are not addressed here because they are not on the docket.

| | Kerr, ex. B (exs. 6.1 and 6.2 to report) | |
|---|---|---|
| **376-3 at 46, 47** | Lanard's *Daubert* motion re Mard, ex. B (exs. 6.1 and 6.2 to report) | |

Lanard also seeks to maintain documents under seal. Doc. 374 at 6–13. Lanard has not overcome the presumption of public access. Lanard fails to explain the reasons why the documents must be sealed beyond placing them in broad categories (for example, "Trade Secret Product Development and Trade Secret Product Sales Information") and does not narrowly tailor its request. Except for any information allowed to remain under seal through the defendants' motion, the Court **denies** Lanard's motion, Doc. 374, without prejudice to filing a motion that provides the information necessary to balance the public's right of access against the parties' interest in confidentiality. *See* Doc. 189. Any such motion must be filed by **March 15, 2019**, and include a certificate required by Local Rule 3.01(g).[2]

After considering any such motion and any response, the Court will direct the clerk to make available to the public all documents and information not expressly allowed by the Court to remain under seal, as well as all redacted versions of documents allowed by this order. For now, the Court **directs** the clerk to unseal the following documents because no party seeks to maintain them under seal or the seal

---

[2]The Court previously allowed Lanard to file two documents under seal: a response to Ja-Ru's interrogatories, Doc. S-231, and an invoice report related to a motion to modify the protective order, Doc. S-238. The Court directed the clerk to maintain the interrogatory response under seal until March 19, 2018, Doc. 226, and the invoice report until March 26, 2018, Doc. 235. The deadlines have passed, and Lanard has filed no motion to maintain either under seal. Lanard may address those documents in any new motion to maintain documents under seal.

has expired: (1) all parts of the deposition transcript of Marc Dubner, Docs. S-365–S365-1; and (2) the deposition transcript of Angela Ku, Docs. S-367–S-367-62.

**Ordered** in Jacksonville, Florida, on March 1, 2019.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of record