United States District Court
Middle District of Florida
Jacksonville Division

**LANARD TOYS LIMITED,**

 *Plaintiff,*

v.              No. 3:15-CV-849-J-34PDB

**DOLGENCORP LLC ETC.,**

 *Defendants.*

# Order

  Through an amended motion, the defendants ask the Court to exercise its inherent power to sanction the law firm of Gordon & Rees (counsel for Lanard Toys Limited) for six violations of the stipulated protective order. Doc. 406. The violations were by different lawyers in different offices. Doc. 406 at 4. The violations included disclosures of competitive cost, price, and customer information designated as "highly confidential" and "attorneys' eyes only." Doc. 406 at 2, 6, 9, 12. Two violations occurred between the filings of the original and amended motions. Doc. 406 at 6–8.

  Besides the six violations, the defendants complain about how Richard Sybert, Esquire, a lawyer with the law firm, responded to defense counsel's concerns about the disclosures: "Are you joking? THAT'S the basis of your motion? Stop wasting my time with your nonsense"; "It is emphatically not your responsibility to shepherd or bird-dog us"; "Stop wasting everyone's time and trying to delay"; "I consider this not only to be a minor matter but a non-matter"; "Another non-issue and you trying to spin gold from straw"; "I decline to respond to your latest witchhunt or attempt to fabricate issues and manufacture disputes"; "Not interested in making this an issue … it's not—nor in responding further to what likely will be your next 20 emails on this manufactured dispute"; "There is nothing to discuss. This is simply another

phony issue manufactured by you"; "This is yet another manufactured issue and crackpot theory of [defendants' counsel], and we will not waste further time on it"; "There has been no 'breach.' You're making this up and fabricating another issue. At some point, … you might actually want to spend some time on the merits. Despite your best efforts, this case will be tried"; "Don't be ridiculous."[1] Doc. 406-1; Doc. 406-3; Doc. 406-4 (emphasis in original).

The defendants argue the many violations coupled with Mr. Sybert's "cavalier and arrogant response[s]" warrant sanctions designed to punish and deter. Doc. 406 at 5, 22–23. They request dismissal of the action with prejudice (or a warning that dismissal of the action with prejudice will ensue upon another violation), an award of attorney's fees and costs incurred in bringing the original and amended motions, implementation of a protocol for the law firm to follow, an order requiring the law firm to report practices and procedures for complying with protective orders, and any other relief deemed warranted. Doc. 406 at 23.

Lanard counters that each disclosure "was either inadvertent, trivial, resulted in no prejudice to the Defendants, and/or *was done with the consent of defense counsel.*" Doc. 407 at 1 (emphasis in original). Lanard emphasizes the many documents, the flurry of activity surrounding some disclosures, and the manner in which some documents were marked. Doc. 407 at 8–9. Lanard observes the protective order sets forth procedures for inadvertent disclosures and contends its counsel "immediately took action" to remedy the disclosures. Doc. 407 at 4–6, 11. According

---

[1]Mr. Sybert is not a member of the Court's bar but has been permitted to specially appear to represent Lanard here. Doc. 109. His reaction to other concerns expressed by the defendants' counsel was a topic in the order on the defendants' disqualification motion. *See* Doc. 202 at 16–17. After he sent a particular email concerning another matter ("Please stop harassing me with this endless stream of unnecessary and indeed useless emails as you get brain waves during the course of the day.") he was gently reminded of the expectation that he embrace a spirit of cooperation and civility while practicing here. Doc. 264 at 1 n.*. The reminder, less gentle now, is repeated.

to Lanard, the defendants "are simply playing 'gotcha' and trying to use a few inadvertent, harmless, and swiftly corrected disclosures to secure relief to which they would not be entitled on the merits." Doc. 407 at 3.

"Courts have the inherent power to police those appearing before them." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017). "This includes the power to fashion an appropriate sanction for conduct which abuses the judicial process." *Hernandez v. Acosta Tractors Inc.*, 898 F.3d 1301, 1306 (11th Cir. 2018) (internal quotation marks omitted). A court considering exercising inherent power "should look for disobedience and be guided by the purpose of vindicating judicial authority." *Purchasing Power*, 851 F.3d at 1225.

The Supreme Court has cautioned: "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). And the Eleventh Circuit has emphasized: "[F]or a court to impose a sanction pursuant to its inherent authority, it must make a finding that the sanctioned party acted with subjective bad faith" after providing notice and an opportunity to be heard.[2] *Hernandez*, 898 F.3d at 1306. "[I]n the absence of direct evidence of subjective bad faith, this standard can be met if an attorney's conduct is so egregious that it could only be committed in bad faith."[3] *Purchasing Power*, 851 F.3d at 1224–25.

---

[2]The defendants request sanctions only under inherent power. They observe that the Eleventh Circuit has held that sanctions under Federal Rule of Civil Procedure 37(b)(2) are unavailable for violations like those here. Doc. 406 at 19–20 n.4 (citing *Lipscher v. LRP Publ'ns, Inc.*, 266 F.3d 1305, 1322–23 (11th Cir. 2001)).

[3]Many courts require clear and convincing evidence of subjective bad faith. *See, e.g., Xyngular v. Schenkel*, 890 F.3d 868, 873–74 (10th Cir. 2018); *Maynard v. Nygren*, 372 F.3d 890, 891 (7th Cir. 2004); *Shepherd v. Am. Broadcasting Cos., Inc.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995); *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989). There does not appear to be binding precedent in the Eleventh Circuit on that standard. *See In re: Little Rest Twelve, Inc.* 662 F. App'x 887, 889 (11th Cir. 2016) (observing counsel cites no binding precedent for argument that clear and convincing evidence must support a finding of bad faith). The Eleventh Circuit has held,

Here, the circumstances described by the defendants—and uncontested or largely uncontested by Lanard—show carelessness (or maybe even professional incompetence) resulting from many documents, many markings under the protective order, different lawyers practicing in different states in different cases (this case and the bankruptcy case), and an apparent absence of protocol effective against improper disclosures. But the defendants do not show the subjective bad faith or egregious conduct required for the Court to take the unusual step of exercising inherent authority to sanction the lawyers. Dismissal of the entire case with prejudice would be particularly inappropriate under the circumstances presented.

To the defendants' point that protective orders would be null were lawyers permitted to repeatedly violate them without consequence: sanctions under inherent power remain available under appropriate circumstances; when those circumstances are absent, provisions setting forth procedures for inadvertent disclosures take over, as here. And, of course, bar rules governing professional conduct are ever-present.

The Court **denies** the defendants' amended motion for sanctions, Doc. 406, with the admonishment that the lawyers take better care with information disclosed to them under the protective order.

**Ordered** in Jacksonville, Florida, on March 1, 2019.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

---

however, that dismissal of a case is "warranted only upon a clear record of delay or willful contempt *and* a finding that lesser sanctions would not suffice." *Mingo v. Sugar Cane Growers Co-op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (internal quotation marks omitted) (emphasis in original).

Here, the result would be the same whether the clear-and-convincing standard or the lesser preponderance standard applies.

4

c: Counsel of record