UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANARD TOYS LIMITED,

    Plaintiff,

v.                                  Case No. 3:15-cv-00849-MMH-PDB

TOYS "R" US–DELAWARE,
INC., DOLGENCORP, LLC,
and JA-RU, INC.,

    Defendants.
_____/

**DEFENDANTS' MOTION TO EXPEDITE AWARD FOR ATTORNEYS' FEES TO THE EXTENT POSSIBLE, MOTION FOR LIMITED DISCOVERY AND MEMORANDUM OF LAW**

Defendants hereby respectfully request that (1) the Court expedite, to the extent possible, the determination of the award of attorneys' fees and costs to Defendants; and (2) Plaintiff, Lanard Toys Limited, be ordered to provide limited discovery into its transfer of assets since the March 21, 2019 summary judgment order (Doc. 468) in favor of Defendants.  Such discovery is relevant to the pending fee claims and would include discovery regarding Lanard's assignment in 2019 or 2020 of all its intellectual property assets in the United States, as well as "all chose in action" relating to those assets, to what now appears to be a defunct Hong Kong affiliate, Fairmount Investments Limited ("Fairmount").  A copy of the relevant Assignment,

which is dated October 7, 2020, but recited Fairmount acquired the subject IP on November 1, 2019, is attached as Exhibit 1. Defendants submit the following in support of this Motion.

In 2015, Lanard filed this action for Defendants' alleged patent, copyright and trade dress infringement and unfair competition under various theories. On March 21, 2019, the Court entered summary judgment (Doc. 468) in favor of Defendants on all claims. Defendants filed their original Motion for Fees (Doc. 472) on April 4, 2019.

Lanard took an appeal on April 17, 2019, and the Federal Circuit affirmed this Court's summary judgment in full on April 22, 2020 (Doc. 501). After the appeal, the parties engaged in court-ordered mediation on the fee claims during the period of September 23, 2020 through October 5, 2020. On October 7, 2020, the mediation reached an impasse. (Doc. 514).

On the same day the mediation reached an impasse, Lanard executed an assignment that assigned all of its US IP rights, including the rights sued upon in this case, to Fairmount. See Exhibit 1. It is expected that the IP rights at issue in the Assignment have undergone further transfers since this Assignment as Fairmount appears to be a defunct or dormant Hong Kong company under common ownership with Lanard.

Given the recitation in the Assignment that Fairmount had obtained the subject IP rights on November 1, 2019, it also appears that during the pendency of the appeal Lanard may have assigned away the same rights it was pursuing in the appeal—without disclosing the Assignment to the Federal Circuit or Defendants.  At the very least, any surreptitious assignment by Lanard of the IP rights on appeal during the appeal would raise significant standing issues, bad faith issues for how Lanard pursued its patent and copyright claims and candor issues.  Such information could be directly relevant to the Defendants' pending attorney fee claims relating to the patent and copyright claims. *See, e.g. Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014) (noting that "exceptional cases" for purposes of awarding fees under the Patent Act include ones that stand out due to "the unreasonable manner in which the case was litigated."); *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994) (unreasonable litigation conduct is a factor to a consider when analyzing copyright fee questions).

The assignment of all of the US IP to a defunct Hong Kong affiliate, if taken as part of a larger scheme to render itself judgment proof, could also constitute evidence that reflects on Lanard's arguments presented to this Court that no award of attorneys' fees, or only a very small amount of attorneys' fees, are warranted.  It has long been the rule that "evidence of

3

one's property transfers after the occurrence of some event which may render him liable in damages is admissible to show a consciousness of liability and a purpose to avoid satisfaction of it." *Poston v. Gaddis*, 372 So. 2d 1099, 1102 (Ala. 1979); *Prestwood v. Ivey*, 273 Ala 281,284, 138 So. 3d 713, 715 (1963) (same and citing cases and authorities on the issue). Lanard's repeated arguments to the Court that an award of attorneys' fees against Lanard is not warranted are inconsistent with Lanard's actions if Lanard was contemporaneously taking steps to render itself judgment proof. Defendants also do not know what other assets, if any, Lanard may have transferred to affiliates during this time frame or whether fair value was exchanged for any transfers.

Defendants learned of the Assignment in December 2021 and asked Lanard about the Assignment. (See Composite Exhibit 2). To date, Lanard has refused to provide any information on the purpose or structure of the Assignment. Plaintiff's counsel also refused to engage in a good faith meet and confer about the Assignment and this Motion or to discuss the subject of this Motion. (*Id.*). Counsel for Lanard even declined to provide a reason for

4

refusing to participate in a meet in confer, stating "I will not engage with you nor submit to your cross-examination." (*Id*. January 7, 2022 email).[1]

Based on the timing of the Assignment and Lanard's decision to not disclose the Assignment in these proceedings to the Federal Circuit, this Court and/or Defendants, Defendants do fear that the Assignment may be part of an effort by Lanard to render itself "judgment proof" to avoid paying the fee and cost judgment expected in this case (which would also explain Lanard's apparent intent to fight this action to the proverbial "bitter end"). Lanard's recent actions of requesting additional filings on the fee submissions–including additional analysis of time entries relating to items that Lanard possessed and could have analyzed for nearly three years– appear to be dilatory in nature, especially in that Lanard did not raise this issue in its multiple opposition filings until recently.[2]  Defendants accordingly respectfully request the Court expedite the fee proceedings to the extent possible.

The Defendants had hoped that the Magistrate Judge's Ruling and Recommendation on reasonableness issues would have been issued on

---

[1] Local Rule 3.01(g) authorizes the Court to sanction parties and counsel for the purposeful evasion of a meet and confer.
[2] Lanard has now had Defendants' fee information since the original fee motion of April 4, 2019–over 33 months ago.

January 11, 2022, making at least the portion of this Motion to expedite the proceeding unnecessary. That date has now been extended to January 31, 2022, with an indication that it may be extended further. The Defendants do not want this request for a meet and confer and limited discovery as to the assignment, including the current owners of the patent in this suit, to be a basis for any further continuation.

The Court has the authority to address this extraordinary circumstance and expedite the current proceedings to the extent the Court finds appropriate. *Dietz v. Bouldin,* 136 S. Ct. 1885, 1891 (2016) ("a district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'") (citations omitted). Defendants merely ask the Court in setting deadlines for any further fee proceedings to consider the history of Lanard's actions, its documented transfer of rights out of the US, the suspicious timing of those transfers, Lanard's failure to disclose these transfers, and Lanard's refusal to cooperate on these issues.

Defendants also ask the Court to require Lanard to engage in a good faith meet and confer, as requested by Defendants, to discuss the assignments and to then provide targeted document discovery into (1) the

assignments, (2) any ensuing transfers of the IP sued upon in this case, and (3) any additional transfers by Lanard of assets out of the United States to any affiliated companies or individuals since the entry of summary judgment for Defendants in this case.

## LOCAL RULE 3.01(G) CERTIFICATION

Counsel for Defendants has attempted in a good faith to confer with counsel for Plaintiff on the relief requested herein, and reports that Plaintiff has declined to engage in such a conference.

Dated:  January 12, 2022

**HOLLAND & KNIGHT LLP**

*/s/ Frederick D. Page*
Frederick D. Page, FBN 968587
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202
(904) 353-2000
(904) 358-1872 (fax)
fred.page@hklaw.com

and

**LEWIS ANTEN, A PROFESSIONAL CORP.**

Lewis Anten, Esq.
l.anten@antenlaw.com
Ivy Mara Choderker, Esq.
i.choderker@antenlaw.com
16830 Ventura Blvd., Suite 236
Encino, CA 91436
*Admitted Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of January 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will serve an electronic notice of electronic filing to the following counsel of record:

| | |
|---|---|
| Richard P. Sybert<br>rsybert@gordonrees.com<br>Holly Heffner<br>hheffner@gordonrees.com<br>GORDON & REES LLP<br>101 West Broadway, Suite 2000<br>San Diego, California 92101<br>Counsel for Plaintiff Lanard Toys Limited<br><br>Robin Taylor Symons<br>rsymons@gordonrees.com<br>Eric R. Thompson<br>ethompson@gordonrees.com<br>GORDON & REES LLP<br>Southeast Financial Center<br>200 S. Biscayne Boulevard, Suite 4300<br>Miami, FL 33131<br>Counsel for Plaintiff Lanard Toys Limited | Reid E. Dammann<br>rdammann@grsm.com<br>GORDON & REES LLP<br>633 West Fifth Street, Suite 5200<br>Los Angeles, California 90071<br>Counsel for Plaintiff Lanard Toys Limited<br><br>John R. Catizone<br>catizone@litchfieldcavo.com<br>Morgan Fairthorne Spector<br>spector@litchfieldcavo.com<br>Litchfield Cavo, LLP<br>600 Corporate Dr Ste 600<br>Ft Lauderdale, FL 33334-3611<br>954/689-3000<br>Fax: 954/689-3001<br><br>Richard H. Nicolaides , Jr.<br>rnicolaides@nicolaidesllp.com<br>Nicolaides Fink Thorpe Michaelides Sullivan, LLP<br>Thomas W. Arvanitis<br>tarvanitis@nicolaidesllp.com<br>21st Floor<br>10 South Wacker Drive<br>Chicago, IL 60606<br>312-585-1400<br>Fax: 312-585-1401 |

*/s/ Frederick Page*
Attorney