**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| LANARD TOYS LIMITED, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| TOYS "R" US - DELAWARE, INC. DOLGENCORP, LLC, and JA-RU, INC., | ) ) ) ) |
| Defendants. | ) ) ) |

**Case No. 3:15-cv-00849-MMH-PDB**

**LANARD'S OPPOSITION TO
DEFENDANTS' MOTION TO EXPEDITE AWARD FOR ATTORNEYS' FEES
TO THE EXTENT POSSIBLE, MOTION FOR LIMITED DISCOVERY**

Lanard Toys Limited ("Lanard") hereby opposes Defendants' Motion to Expedite Award for Attorneys' Fees to the Extent Possible, Motion for Limited Discovery ("Motion"), Dkt 546. Defendants' motion is a premature collection action outside the purview of this Court, based on unfounded and false speculation, and plainly intended to unfairly prejudice Lanard while the underlying fees and costs motion which has already been fully briefed and argued is pending before this Court.

## I.   INTRODUCTION

Defendants make serious, unfounded accusations against Lanard in the Motion, yet were unwilling to back up such accusations with any declarations, as they could not colorably do so. Defendants failed to clarify that the assignment at issue, which is an internal corporate matter unrelated to this lawsuit, only occurred after Lanard's intellectual property rights were no longer at issue in this case, and when only fees and costs remained at issue. Defendants failed to point out that Lanard disclosed Fairmount Investments Limited ("Fairmount") as its parent company in its initiating documents in

this case.  Defendants failed to provide any evidence that Fairmount is a "defunct" company, and in fact a simple Google search would have revealed the opposite. Defendants then unreasonably concluded that an assignment of intellectual property rights to a longtime parent company amounted to becoming "judgment proof" when in fact no such evidence exists and Lanard and Fairmount deny these accusations.  In short, Defendants have provided no reason to expedite the current proceedings other than to relieve themselves of the burden of providing clarifying documentation on their requested fees and costs.

Furthermore, this Court has not yet ordered Lanard to pay any fees and costs, and therefore, obviously, Lanard has not "failed" to pay any yet-to-be-ordered fees or costs. Thus, Defendants' attempt to conduct discovery on Lanard's financial standing is not only unfounded, it is also unripe for adjudication.  There is no collection action pending in this matter, and it is unclear that this would be the proper court in which to do so, anyway.

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

On March 27, 2014, Lanard filed the original complaint in this case.  (Dkt 1.)  In this complaint, Lanard accurately identified itself as a Hong Kong company.  (*Id.* at ¶ 6.) Concurrently filed with the original complaint was Lanard's corporate disclosure statement.  (Dkt 2.)  In this disclosure statement, Lanard disclosed that Lanard was "wholly owned by Fairmount Investments Limited ["Fairmount"], a privately owned Hong Kong company."  (*Id.*)  Fairmount has wholly owned Lanard since October 21, 1987, *decades* before this lawsuit was brought.  (Declaration of Joyce Mak ("Mak Decl."), ¶ 2.)

On March 21, 2019, this Court granted summary judgment in Defendants' favor. (Dkts 468, 469.)  On April 17, 2019, Lanard filed a notice of appeal to the U.S. Court of Appeals for the Federal Circuit.  (Dkt 280.)  On May 14, 2020, the Federal Circuit

affirmed this Court's grant of summary judgment in Defendants' favor. (Dkts 500, 501.) Lanard did not seek to appeal the decision further. <u>At this point, Lanard's intellectual property rights were no longer at issue in this case</u>. The only issues that remained in this case, as of May 14, 2020, were whether to award Defendants any fees and/or costs.

Around five months later, on or around October 7, 2020, as part of corporate organization, Lanard assigned certain intellectual property rights to its parent company, Fairmount. (Declaration of Jim Hesterberg ("Hesterberg Decl.") ¶ 5; Declaration of Joyce Mak ("Mak Declaration") ¶ 5; Dkt 546-1.) Such an internal transfer of intellectual property rights had no bearing on this case, as Lanard's intellectual property rights were no longer at issue in this case. While the assignment noted the effective date of November 1, 2019, the actual execution date of the assignment *nunc pro tunc*, verified by the notary public, was October 7, 2020. (*See* Dkt 546-1 at pp.3-4.) Defendants' argument that Lanard should have disclosed something on or around November 1, 2019 that did not take place until October 7, 2020 is fodder for science fiction, not legal briefing. Nor do Defendants cite legal authority for any such duty in any event.

Neither Lanard nor Fairmount took or has taken any actions to render Lanard "judgment proof." (Hesterberg Decl. at ¶ 4; Mak Decl. at ¶ 4.) Furthermore, Fairmount remains an active company in good standing. (Hesterberg Decl. at ¶ 3; Mak Decl. at ¶ 3; Exh. 1 to Hesterberg and Mak Decls.) In fact, a simple Google search would have revealed Fairmount as an active company that was not "defunct." (Hesterberg Decl. at ¶ 3.)

Defendants presented no evidence that Fairmount nor Lanard have taken any actions to render Lanard "judgment proof," nor that Fairmount is a "defunct" or "dormant" company. (*See* Dkt 546 generally.) Notably, Defendants did <u>not</u> submit any declarations supporting their unfounded and wild accusations, nor how Defendants reached them. (*See id.*) Further, any such prospective enquiry would not only be speculative and premature, it would be collateral to these proceedings.

Though this Court may do so in the future, it has yet to order Lanard to pay any fees or costs to Defendants, and Lanard has not failed to abide by such an Order issuing fees and costs. No basis exists to subject Lanard to a premature collection action nor a debtor's examination; no basis exists to expedite Court proceedings beyond the Court's existing diligence in resolving the parties' remaining issues.

Because Defendants' counsel are experienced litigators and know that no facts or legal authority support defendants' wholly speculative and premature Motion, the conclusion is inescapable that their primary purpose is to try to prejudice Lanard in the eyes of the Court while the fees and costs motion is still pending.

### III.   ARGUMENT

#### A.   Legal Standards

Defendants requested that this Court use its inherent powers to manage its own affairs in granting their Motion. For the Court to do so, first, "the exercise of an inherent power must be a 'reasonable response to the problems and needs' confronting the court's fair administration of justice." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (citation omitted). "Second, the exercise of an inherent power cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute." *Id.* (citations omitted).

Courts cannot adjudicate issues that are not ripe. *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807 (2003); *Joyce v. LM Gen. Ins. Co.*, No. 8:20-CV-2045-T-AEP, 2020 WL 5910105, at *2 (M.D.Fla. Oct. 6, 2020).

#### B.   No Basis Exists to Grant the Motion

##### 1.   This Court Cannot Adjudicate the "Discovery" Part of the Motion, As the Issues Are Not Ripe

As explained above, Lanard has not engaged in anything untoward; it has not tried to render itself "judgment proof." But in any case, given that this Court has yet to issue

an Order directing Lanard to pay fees or costs, and Lanard has not failed to abide by an Order not yet issued, whether Lanard is able to satisfy a potential future judgment is not an issue ripe for determination. *See Nat'l Park Hosp. Ass'n*, 538 U.S. at 807. Thus, the portion of the Motion requesting additional discovery should be denied.

As explained below, Defendants have likewise presented no reason for this Court to expedite the determination of fees and costs, any more than this Court has already been diligently doing so.

### 2. Defendants Failed to Provide Any Evidence That Lanard Has Taken Any Steps to Become "Judgment Proof"

Defendants failed to show any "problems" or "needs," let alone why expediting a fees or costs decision would be a "reasonable response" to such non-existent problems or needs. *See Dietz*, 579 U.S. at 45.

As detailed above, Lanard's intellectual property rights are no longer at issue in this case and were not at issue when Lanard executed the assignment of rights to its parent company, Fairmount, in October 2020. The relationship between Lanard and Fairmount was disclosed at the very beginning of this case. (Dkt 2.) Lanard disclosed from the start that both Lanard and Fairmount were Hong Kong companies. (*Id.* at Dkt 1 at ¶ 6.) For Defendants to accuse Lanard of "transfer[ring…] rights out of the US" is disingenuous and misleading. There is nothing suspicious about a Hong Kong company transferring its intellectual property rights to its parent company, also a Hong Kong company. (In this regard, it should also be noted that all Defendants also maintain extensive operations in Hong Kong, so there is hardly anything nefarious in that.)

Furthermore, a simple Google search would have revealed that Fairmount was *and is* an active Hong Kong company. (Hesterberg Decl. ¶ 3 and Exh. 1 attached thereto.) Yet, Defendants baselessly represented to this Court that:

- "Lanard's assignment…to what now appears to be a defunct Hong Kong affiliate…" (Dkt 546 at p.1);

- "Fairmount appears to be a defunct or dormant Hong Kong company…" (*Id*. at 2);
- "The assignment of all of the US IP to a defunct Hong Kong affiliate…" (*Id*. at 3).

Defendants provided no evidence that Fairmount "appeared to be" or was "defunct," as they could not. (*See id. generally*.) Nor did Defendants provide a declaration attesting to why they believed Fairmount was "defunct"; no reasonable cause could have existed for such a belief. (*Id.*)

Defendants likewise provide no colorable argument as to why an assignment of intellectual property rights to a longtime parent company could be reasonably construed as an attempt to make Lanard "judgment proof." Nor why this assignment "show[ed] a consciousness of liability and a purpose to avoid satisfaction of it" on the part of Lanard. (Dkt 546 at 4.) The intellectual property was no longer at issue in this case, only the issue of fees and costs remain.

As part of Defendants' meet and confer request, not only did Defendants assert baseless accusations that could have been righted with a simple Google search, Defendants also asked Lanard to agree to the following:

- "to enter into a stipulation to provide discovery on the assignments,"
- "to submit Fairmount and its affiliates to the jurisdiction of the District Court,"
- "to prohibit Lanard, its owners and its affiliates from taking any steps to assign or move any assets out of the United States, or transfer any other assets of Lanard anywhere in the world without approval of the Court. This would include any inventory or accounts receivable of Lanard" (despite Lanard being a Hong Kong company),
- "to provide within five (5) business days [December 21, 2021] documents related to the purpose and timing of the assignment of Lanard's IP to

Fairmount. This would include any valuations of the IP assets assigned, as well as the amount that Lanard received for the assignments of the IP." (Dkt 546-2 at 3.) Defendants continued, "[p]lease advise if Lanard contends that it still has standing to challenge the pending motions," as if Lanard would not have standing to challenge motions that directly seek monetary relief from Lanard. (*Id.*) Defendants' accusations were so unfounded and requests were so outlandish that Lanard's counsel (who was out on holiday vacation at the time) had believed naively that Defendants would never file a motion so unsupported by any evidence or law, premature and wholly unrelated to the matters before this Court. (Declaration of Richard Sybert ("Sybert Decl."), ¶ 2.) Nevertheless, Lanard counsel did in fact respond to Defendants' counsel, after Defendants' counsel spelled out in detail his purported grounds and desired "relief," that Lanard believed there was no basis for such a motion. Indeed, Defendants' Motion is not supported by any evidence, nor does it raise any judiciable issues.

### 3. Any Delay in Adjudicating the Fees/Costs Issue Is the Result of Defendants' Failure to Provide the Necessary Information, Not Any Alleged "Dilatory" Actions on the Part of Lanard

As previously briefed, a movant is responsible for sufficiently documenting any fee or cost requests. *Dart Indus., Inc. v. Acor*, No. 606-CV-1864-ORL28DAB, 2008 WL 4965324, at *1 (M.D.Fla. Nov. 20, 2008) (quoting *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988)). As Lanard pointed out, Lanard was unable to duplicate Defendants' calculations based on the evidence submitted (Dkt 538 at 5, fns 1-2), and Defendants failed to provide certain evidence, including billing entries had been deducted by their insurer (*id.* at 7) as well as billing entries for the alleged 40 hours spent on preparing a declaration (Dkt 544 at 3). Defendants did not provide backup documentation on insurer-deducted entries until January 3, 2022, after this Court ordered them to do so on December 28, 2021. (Dkts 540, 541.)

Defendants now accuse Lanard of engaging in dilatory behavior, simply because Lanard has requested that this Court order Defendants to provide sufficient backup for their latest rounds of calculations.  (Dkt 546 at 5.)  Defendants mislead this Court by claiming Lanard "could have analyzed [the provided time entries] for nearly three years." (*Id*.)  That statement misrepresents the nature of Lanard's request.  Defendants revised their fees requests on November 5, 2021 and on January 3, 2022, and Lanard is simply requesting documentation on what exactly Defendants are now requesting and how Defendants arrived at such figures—documentation that must surely exist already, as Defendants provided some of the resulting figures in Dkt 536 at 18.  (*See* Dkt 544 at 7-9.) The Court itself has raised continuing questions and clarifications concerning Defendants' shifting fee requests.

Defendants provided no colorable reason to expedite the process any further when it is Defendants who have failed to provide all the necessary information and documentation and have been offered many opportunities to supplement and correct.

Nor is it clear if Defendants, against all evidence to the contrary, somehow truly believed that surreptitious activity occurred back in 2019 or even 2020 (and no such activity occurred), why expediting the process now in 2022 would accomplish anything other than to have Defendants avoid providing clarifying documentation.

If anything is suspicious, it is the timing of this Motion, filed in advance of this Court issuing a recommendation on fees and costs.  Indeed, Defendants argue that Lanard's assignment of intellectual property to its parent company (after such intellectual property was no longer at issue in this case!) should serve as additional evidence that this case is an "exceptional" one.  (Dkt 546 at 3.)  If "exceptionality" applies here, Defendants' filing an unsupported Motion rife with baseless accusations (that could have been righted with a simple Google search), a Motion Defendants declined to support with any declarations despite such serious accusations, should be considered.

## IV.   CONCLUSION

For the above stated reasons, Lanard respectfully requests that this Court deny Defendants' Motion.  Defendants' Motion is a good example of the unnecessary and inappropriate multiplication of proceedings by Defendants' counsel, which has substantially inflated their claimed fees.

Dated: January 26, 2022            Respectfully submitted,

*/s/ Richard P. Sybert*
Richard P. Sybert (rsybert@grsm.com)
**Admitted** *Pro Hac Vice*
GORDON REES SCULLY MANSUKHANI
101 W. Broadway, Suite 2000
San Diego, CA 92101
tel (619) 696-6700 / fax (619) 696-7124

**Eric R. Thompson**   (ethompson@grsm.com)
Florida Bar No. 888931
GORDON REES SCULLY MANSUKHANI
Miami Tower
100 S.E. 2nd Street, Suite 3900
Miami, FL  33131
tel (305) 428-5300 / fax (877) 644-6209

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 26, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and that a true and correct copy of the foregoing was served by electronic notice on all counsel of record.

*/s/ Richard P. Sybert*
Richard P. Sybert